UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| CATOOSA COUNTY REPUBLICAN PARTY, and JOANNA HILDRETH | ) ) ) | |
| *Plaintiffs,* | ) ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) ) | |
| CATOOSA COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION, and TOMMY DAVIS, RON MCKELVY, NINA CRAWFORD, MARVIN CORNELISON, Each in their individual and official Capacities as Members of the Catoosa County Board of Elections and Voter Registration, and TONYA MOORE, as director of the Board Of Elections and Voter Registration | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

## MOTION FOR TEMPORARY INJUNCTION AND RESTRAINING ORDER

NOW COME Plaintiffs, and respectfully move and request an Immediate Interlocutory Injunction and/or Restraining Order, incorporating the information and facts from Plaintiffs' Verified Complaint, and show the Court as follows:

Defendants seek to violate Plaintiffs' associational rights by forcing Independent Candidates on to the Republican Party primary ballot. Defendants

further seek to violate Plaintiffs' free speech rights by refusing to place ballot questions on the Republican Party primary ballot, as required by state law, due to the content of the questions being disfavored by Defendants.

Voting is scheduled to begin on April 29, 2024, so we believe any changes to the ballots, or to material accompanying the ballots (such as disqualification notices) would need to be finalized immediately to not violate Plaintiffs' rights and to serve the public interest.

Irreparable harm would occur by not preventing Defendants from listing people that the Republican Party does not wish to associate with, on the Republican Party ballot. Plaintiffs' associational rights would be unable to be repaired since once the primary ballot is published, the public will think that the people listed on the ballots are associated with or approved by the Plaintiffs, even though that is not the case.

No harm occurs to Defendants by granting the injunction, as the Defendants are supposed to solely exist to serve the public good/public interest, and the candidates not allowed to be listed on the ballots had, or could have had other options to run in an election rather than try to force themselves upon the Republican Party. To the contrary, Plaintiffs are significantly harmed if people who do not share the Republican Party's values are listed as candidates in the

primary or, worse, if they are selected as candidates for the general election because they ended up being falsely listed on the Republican Party primary ballot. As stated in California Democratic Party v. Jones:

> "**Unsurprisingly, our cases vigorously affirm the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party "select[s] a standard bearer who best represents the party's ideologies and preferences."** *Eu, supra,* at 224, 109 S.Ct. 1013 (internal quotation marks omitted). The **moment of choosing the party's nominee, we have said, is "the crucial juncture at which the appeal to common principles may be translated into concerted action, and hence to political power in the community**." *Tashjian,* 479 U.S., at 216, 107 S.Ct. 544; see also *id.,* at 235–236, 107 S.Ct. 544 (SCALIA, J., dissenting) ("The **ability of the members of the Republican Party to select their own candidate ... unquestionably implicates an associational freedom**"); *Timmons,* 520 U.S., at 359, 117 S.Ct. 1364 ("[T]he New Party, and not someone **\*576** else, has the right to select the **\*\*2409** New Party's standard bearer" (internal quotation marks omitted)); *id.,* at 371, 117 S.Ct. 1364 (STEVENS, J., dissenting) ("The members of a recognized political party unquestionably have a constitutional right to select their nominees for public office")…"

California Democratic Party v. Jones, 530 U.S. 567, 574–76, 120 S. Ct. 2402, 2408–09, 147 L. Ed. 2d 502 (2000). (**Emphasis** Added).

This is firmly settled law, and is exhaustively analyzed in the California Democratic Party v. Jones case. Essentially, that case held that state laws cannot control who political parties associate with, which would violate their First Amendment rights. Procedural and process arguments regarding state law and the

amorphous arguments about the rights of the public[1], do not take precedence over the First Amendment.

Even prior to this deep and exhaustive analysis of how almost any attempt to burden party associational rights must survive strict scrutiny, and the vital need that parties have to be able to **not** associate with candidates, the Eleventh Circuit used the same type of analysis in determining if the Georgia Republican Party could exclude David Duke from the Republican ballot for President.[2] There, using very similar logic that was later used in California Democratic Party v. Jones, the Court held that a political party's associational rights trump any arguments regarding governmental power or process.

Both the Eleventh Circuit and the U.S. Supreme Court have set out a strong framework that would show a substantial likelihood of success by Plaintiffs.

Since voting is about to start, ballots are about to be finalized, and regardless of any other processes that exist, the Plaintiffs have a right to exclude from association with Independent Candidates listed in the Verified Complaint, Plaintiffs respectfully request that an immediate restraining order and/or injunction issue stating that:

---

[1] Which, on a practical level, simply allow existing politicians to be unaccountable to the voters by buying whatever primary election they think will be most beneficial in a general election.
[2] Duke v. Massey, 87 F.3d 1226, 1234 (11th Cir. 1996). (**Emphasis** added)

1. That the Defendants remove any Independent Candidates, and any county level candidate not qualified by the Catoosa County Republican Party, from the Republican Party Primary ballot;

2. That the Defendants count and credit no votes that appear for any county level candidates appearing on the Republican Primary ballot that were not qualified by the Party, including but not limited to the Independent Candidates;

3. That the Defendants place the Ballot Questions submitted to the Defendants by the Catoosa County Republican Party on the Republican Party Primary ballot; and,

4. That the Defendants not qualify any county candidate for the Republican Party Primary without the explicit permission of the Catoosa County Republican Party or the Catoosa County Republican Party's certification that a candidate has qualified according to the party's procedural rules.

5. Ordering any other relief that the Court deems proper in order to protect and preserve Plaintiffs' constitutional rights.

6.

Respectfully submitted this 5th day of April, 2024.

/s/ Jordan Johnson<br>Jordan Johnson

                                                                     Georgia State Bar No. 673643
                                                                      Catherine Bernard
                                                                      Georgia Bar No. 505124
                                                                       Attorneys for Plaintiffs

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law