

Case No.: 4:24-CV-00095–WMR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Catoosa County Republican Party and Joanna Hildreth,

*Plaintiffs.*

v.

Catoosa County Board of Election and Voter Registration, Tommy Davis, Ron McKelvy, Nina Crawford, Marvin Cornelison, and Tonya Moore,

*Defendants.*

On Mandate from the Eleventh Circuit Court of Appeals
from Case: No. 24-12936

## EXPEDITED MOTION FOR LEAVE TO FILE AND URGENT NOTICE OF FRAUD UPON THE COURT INVOLVING CORPORATE MISREPRESENTATION, FEDERAL TAX VIOLATIONS BY CONTROLLING GEORGIA REPUBLICAN PARTY, INC., AND UNCONSTITUTIONAL EXERCISE OF STATE AUTHORITY UNDER COLOR OF STATE AND FEDERAL LAW

Sarah E. Thompson, Pro se
150 Timber Cove
Statesboro, GA  30461
(856) 866-6881
freedomwinsusa@protonmail.com

Susan P. Opraseuth, Pro se
5815 Windward Parkway
Alpharetta, GA  30005
(513) 284-4321
SusanUSA@protonmail.com

## PRELIMINARY STATEMENT

This Court and the Eleventh Circuit is proceeding under the **false legal presumption and theory** that "Catoosa County Republican Party" is a county political party committee authorized under Ga Election Code Title 21. However, it is a clear, compelling, and exceptional **legal fact** within the state public records and connected records of the Catoosa County Superior Court (No. SUCV2024000211), the Georgia Supreme Court (No. S24A0917), and the Eleventh Circuit (No. 24-12946) that the Georgia Secretary of State has **no active state governing committee for the "Republicans" on file.** Brian P. Kemp, as Secretary of State, replaced the once active political party association entity with Georgia Republican Party, Inc. (hereinafter "GRP, Inc") in 2014, just prior to Georgia's candidate qualifying week. So situated under Ga Corporations Code Title 14, GRP, Inc. cannot "establish and maintain" county committees as required by O.C.G.A. § 21-2-111(a) (Elections Code). Therefore, Plaintiff "Catoosa GOP" isn't one. **"Catoosa GOP" is only a controlled entity and subordinate instrumentality of GRP, Inc. —a private, member-prohibiting, domestic nonprofit corporation with a principal office in Atlanta, GA.** Defendant government agency and officials cannot legally allow "Catoosa GOP" to conduct any state election actions

1.

whatsoever, let alone impose arbitrary opinions on candidates qualifying for ballot access. Furthermore, IRS records demonstrate that **GRP, Inc. has no valid and unique federal tax identification number,** as required under 26 U.S.C. § 6109, yet it controls ballot access statewide. (Exhibits 3-15 to 3-17). Any rulings above and below rely on fraudulent pleadings in violation of Fed. Rule of Civ. P. 11(b). As such, rulings in these cases have eliminated the fundamental civil rights of Catoosa primary candidates and Georgia voters, directing unconstitutional actions of a government-corporate concert. Plaintiff corporatists have no First Amendment protection, but should be referred to the U.S. Attorneys for prosecution. The Defendants should be relieved of all judgments under Fed. Rule of Civ. P. 60(d)(3) and this Court should issue sanctions against irresponsible attorneys and Plaintiffs. Without the fraud, there would be no federal case.

---

## INTRODUCTION

Movants Sarah E. Thompson and Susan P. Opraseuth submit this Motion and Notice in response to the **fraud-based** Eleventh Circuit Opinion and Mandate of June 12th and July 11th, 2025, respectively. They do so as qualified Georgia electors and directly interested parties whose personal constitutional rights—including their rights to free association, due process,

2.

and equal protection under the First and Fourteenth Amendments—are imminently and materially affected by this case.

Movants are not mere observers but are electorally situated within Bulloch County (Thompson) and Fulton County (Opraseuth)—jurisdictions that are subject to the same unlawful "state" corporate electoral control structure at issue in this case. Both Movants have actively attempted to participate in what they believed to be a lawful state political party structure, but soon found that the activities were corporate only, as conducted directly by GRP, Inc., which gained power in Georgia elections by the *ultra vires* actions of Brian P. Kemp as Secretary of State in violation of his mandatory duty under O.C.G.A. § 21-2-50(a)(2), resulting in the **unlawful grant of ballot access** to a never-compliant, can't be compliant corporate entity, with local proxies, in contravention of O.C.G.A. §§§ 21-2-110, 21-2-111, and 21-2-154.

The corporation has prohibited their ability to hold representative positions, ultimately using its private corporate officials to deny their constitutional right to this part of their elective franchise. Movant Thompson was denied federal primary ballot access by GRP, Inc. in November 2023, which is a violation of her civil rights. Both Movants now seek to preserve the lawful exercise of their electoral and associational rights against GRP,

3.

Inc.'s unconstitutional, embedded, and private corporate control of government election functions, in direct violation of state and federal law.

Your Court and Eleventh Circuit have now opened the door to a **statewide legitimization** of a private, non-member domestic corporation—GRP, Inc.—to exercise state-level electoral control outside of Georgia Election Code Title 21. The actions of the Eleventh Circuit, based on states fraud upon the courts, will be amplified by the reversal of your previous decision. This subjects Movants to future elections in which candidate access, ballot participation, and party affiliation are determined not by law, but by internal rules of a private corporate board, in violation of O.C.G.A. §§§ 21-2-2(23)-(25), 21-2-110, and 21-2-111.

Furthermore, Movants assert that Plaintiffs and their attorneys—Catherine Bernard, Alex Johnson, and David Oles—have knowingly:

- Misrepresented GRP, Inc.'s legal identity as a valid political party,
- Concealed material facts about its private corporate status and lack of legal standing under Georgia Title 21 election law,
- And invoked constitutional protections available only to legitimate Ga Title 21 political organizations, thereby misleading all Courts.

4.

These actions constitute fraud upon the court, as defined in law and case law. (See below).

In doing so, these parties and attorneys have also violated:

- Fed. R. Civ. P. 8(a)(2) – by failing to truthfully plead the nature of their party status,

- Fed. R. Civ. P. 11(b)(1)–(3) – by submitting filings that lack factual support and proper legal foundation,

- Fed. R. Civ. P. 7.1(a) – by failing to disclose GRP, Inc.'s corporate structure and financial interests relevant to the court's impartiality and jurisdiction,

- Local Rule 3.3, N.D. Ga. – by failing to file the required Certificate of Interested Persons and Corporate Disclosure Statement, *(N.D. Ga tacitly waived Plaintiff requirement in April 2024, yet Judge William M. Ray, II ruled).*

Additionally, their conduct implicates violations of the ABA Model Rules of Professional Conduct, including:

- Rule 3.3(a)(1) – prohibiting false statements of fact or law to a tribunal,
- Rule 4.1(a) – prohibiting misrepresentations to third parties,
- Rule 8.4(c) – prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation.

5.

Accordingly, Movants assert standing not only as voters whose rights are at risk from this Court's potential publication of a constitutionally and statutorily defective opinion, but also under the Court's inherent supervisory authority **to correct fraud and protect the integrity of the judicial process.** This includes ensuring that attorneys who appear before the Court adhere to their ethical obligations and do not use litigation as a vehicle to institutionalize illegal or unconstitutional practices under color of law.

Movants therefore respectfully seek whatever constitutional status is necessary to prevent further injury to their constitutional rights and to uphold the rule of law in Georgia elections.

At the present time, this Court has acted in concert to ensure that a private no member corporation and its local affiliate have absolute control of ballot access to determine if citizen candidates are "Republican enough" to run with their corporate brand. Certainly, this Court can acknowledge **the gravity of an unconstitutional federal review** of this case involving what can be identified as a definitive subversive organization as defined in Part 2 of Article 1 of Chapter 11 of Title 16, the "Sedition and Subversive Activities Act of 1953."

6.

Artificial GRP, Inc. is not a duly authorized political party

associational entity, nor a political organization under Georgia Election Code

Title 21, Chapter 2, and specifically defined by O.C.G.A. § 21-2-2

(23)(24)(25). Thus, it holds no constitutional or statutory authority to

exercise the powers of the State of Georgia within the public jurisdiction of

Catoosa County or elsewhere. As such, its assertion of control over public

candidate selection processes, under the guise of "state party" authority,

represents an unconstitutional usurpation of public election functions by a

private corporate entity.

This Court's further action to affirm Eleventh Circuit grants

precedential value to corporate control of ballot access, thereby deepening

the harm to Movants. All county citizens, including Ms. Opraseuth (Fulton

County) and Ms. Thompson (Bulloch County) are left with no constitutional

protection from invited "First Amendment" assertions of the corporate

officials, affiliates, and proxies within their assigned local, state, and federal

election jurisdictions. This violates their basic civil voting rights, as their

local elections would be subjected to "corporate selection" of candidates, in

direct violation of the Georgia Election Code.

This harm is not speculative. It is concrete, immediate, and direct,

because GRP, Inc.'s influence over candidate qualification and ballot access

7.

would be cemented statewide, including in Movants' home counties, thereby disenfranchising them under color of law.

Moreover, no party to this case disclosed GRP, Inc. as a corporation with interest in the state courts or federal courts of the United States until the entity name appeared for the first time in the (CIP) on September 22, 2024—a full seven months into proceedings. Further, the United States District Court for the Northern of Georgia appears to have acted in violation of Fed. R. of Civ. P. 7.1 and LR 3.3 by **failing to require** Petitioners to file a Certificate of Interested Persons and Corporate Disclosure Statement at any time in Civil Case 4:24-cv-00095. Judge William M. Ray, II appears to have scheduled hearings and issued orders without it.

This appears to be highly irregular federal concealment, raising substantial due process concerns that further undermine the integrity of any precedent this Court attempts to issue in this case.

**Concealment is endemic** in this embedded corporate arrangement between the State of Georgia and GRP, Inc., which fails to provide its board of directors to the public. As you can plainly see, Rules of the "Catoosa GOP" filed with N.D. Ga as "Exhibit A" does not state the "parent" private corporate entity filed with and empowered by the Ga Secretary of State to illicitly conduct corporately in our elections statewide.

8.

**ARTICLE V**

**SECTION 1: RULES OF PROCEDURE**

Robert's Rules of Order Newly Revised, latest edition, shall govern meetings of the
County Committee, the Executive Committee and the County Convention, except where
inconsistent with the Rules of The Catoosa County Republican Party, the Fourteenth
Congressional District Republican Party, or the Georgia Republican Party.

**RULES OF THE
GEORGIA
REPUBLICAN PARTY,
INC.**

I hereby certify that the
attached is a true and
correct copy of the Rules
of the Georgia Republican
Party, Inc. as adopted
on June 17, 2016.

David Shafer, Chairman
Georgia Republican Party, Inc

Articles of Incorporation

The Name of the Corporation:
Georgia Republican Party, Inc.

The corporation is organized pursuant to the Georgia Nonprofit Corporation Code.

The Principal Place of Business:
P.O. Box 550008
Atlanta, Georgia 30355

Registered Agent's Name and Address:
Anne W Lewis
1170 Peachtree St NE
Ste 2200
Atlanta, Georgia 30009-7200, Fulton County

Effective Date: February 07, 2014

Optional Provisions:



**The Corporation will not have members.**

**1.1    QUALIFICATIONS FOR PARTICIPATION IN PARTY ACTIONS**

All electors[1] who are in accord with the principles of the Republican Party, believe in its
declaration of policy and are in agreement with its aims and purposes may participate as
members of the Georgia Republican Party, Inc. (hereinafter "GRP") in its conventions or
precinct caucuses. All chairmen[2] and members of committees, delegates to conventions and
voters in precinct caucuses, provided for in these Rules, shall be members of the GRP and must

Plaintiffs and their attorneys also fail to make any statement regarding

their specific, personal interest in the corporation and its specific interest in

their client, Joanna Hildreth et al. of "Catoosa GOP." **It is a legal fact that**

**all Plaintiff Attorneys and Plaintiff herself unequivocally represent**

**GRP, Inc. as acting corporate officials.** They submit themselves to this

Atlanta-based private corporation in all election acts they perform or represent in the public jurisdiction of Catoosa County. However, it is an undeniable legal fact that the GRP, Inc., acting as the "State Party" empowered by "Corporate Governances" of Ga Title 14 can have **no public election jurisdiction.** This is because **corporate interference is prohibited** by the Ga Election Code by *specifically requiring* political party associational entities to adopt democratic, member-based, associational rules and regulations under its Chapter 2.

GRP, Inc. has been falsely representing itself as the "State Party" led by a "State Committee" since 2014 while engaging in conduct that violates the Georgia Election Code, the U.S. Constitution, and federal tax law. Furthermore, GRP, Inc. has a private, undisclosed corporate directorship that conducts public, state election actions at issue in this case.

**Freedom of Association**, ironically, is the grounds for this Court's Order. The member-prohibiting corporation, **GRP, Inc. and its local "Catoosa GOP" cannot constitutionally associate** within our protected electorate nor our rightful election franchise for any purpose whatsoever.

## ARGUMENTS

## I. CORPORATE STRUCTURE AND MISREPRESENTATION

Plaintiff /Appellants' direct claim in their Motion to Publish Eleventh

Circuit's June 12, 2025 Opinion states:

> The opinion in this case is important due to the precedential value
> regarding the rights of political parties in this circuit and the ability to
> seek redress in federal court via 42 U.S.C. Section 1983. There is
> significant debate within at least one major political party and its
> members, as to the ability and standing of political parties to seek
> redress in federal court for such potential rights violations. (pg. 1)

**Contrary to Respondents' misrepresentations, the legal record**

**tells a very different story.** To attempt to expose this, Petitioners have made

three attempts: 1) filed a motion to intervene 3/22/24 in Catoosa County

Superior Court (No. SUCV2024000211) - the court has completely avoided

the motion; 2) submitted a timely 224-pg amicus brief on 7/2/24 in Georgia

Supreme Court (No. S24A0917) - the court completely avoided the motion;

and 3) submitted a timely 171-page amicus brief on 2/22/25 to the Eleventh

Circuit (No. 24-12946) via mail to provide the required paper copies and to

ensure that Petitioner Sarah Thompson, as an e-filer, did not improperly or

unethically e-sign on behalf of co-amicus Susan Opraseuth. This procedural

integrity stands in stark contrast to the conduct of opposing counsel, whose

11.

representations amount to direct and knowing fraud—not only upon these

Courts and the United States itself.

02/12/2025  □ 22   *MOTION for leave to file Amicus Brief out of time filed by Amici Curiae Susan P. Opraseuth and Sarah E.*
*171 pg, 10.99 MB  Thompson. Opposition to Motion is Unknown [22] [Entered: 02/20/2025 11:07 AM]*

Any assertion that Georgia Republican Party, Inc. or its local affiliates

hold standing or legal status in these proceedings is categorically false and

deliberately misleading.



GRP, Inc. is a private, nonprofit corporation organized under Title 14

of the Georgia Corporation Code. Its county agents, including individuals

purporting to act as the "Catoosa County Republican Party," have exercised

electoral control without legal authority or disclosure of their private

corporate status. The promulgated Rules of GRP, Inc. sent to us by the

Georgia Secretary of State designate its actors as corporate "officials," not

lawful party officials under Georgia Election Code §§ 21-2-110 and

21-2-111. (Exhibit 3).

To further clarify, GRP, Inc. - acting parent statewide corporation -

controls its local county corporate affiliate "Catoosa GOP" and its willing

official agents - Joanna Hildreth, along with attorneys Alex Johnson,

Catherine Bernard, and David Oles, who have all been retained in current

and/or preceding cases to represent Plaintiffs. All of these individuals were

"elected" to marketed "state" positions at the same time as Mrs. Opraseuth,

who has since removed herself from any illicit participation. They remain,

thereby, bound under the member-prohibiting Articles of Incorporation of

GRP, Inc. and the Rules of the GRP, Inc. (Exhibit 3-16). The Chinese

Communist Party even has members, but not the Georgia Republicans.

Parties will not be surprised by this motion - Amicus warned them

extensively through countless letters to the GRP, Inc., a motion for breach of

law at the corporate "state committee" meeting in January 2024 at which

Plaintiffs and named attorneys were present in-person or by proxy, and/or by

a formal letter to the Catoosa County Board of Elections on March 1 and 11,

2024. (See Exhibits 1-1 to 2-7). Just a week prior to the issues of this case,

February 22, 2024, CEO Joshua R. McKoon sent a letter to the Camden

13.

County Board of Elections masquerading as the "Chairman" of the "Party" and stated "there is no other Republican … entity that has the authority to qualify candidates to run for office, per the rules of the Georgia Republican Party." [deliberately omitting the word INC. from the corporate document, Articles, and registration under which he operates inside of Ga elections - Exhibit 3]. (See also Exhibit 2-8).

Their combined refusal to act in accordance with clear facts has allowed an impending crisis to explode into the current case that has wasted over a year of state and federal judicial resources. This case plainly constitutes a corporate battle for government control that is growing in strength. A small, unassuming county was chosen as ground zero to commence its corporate "ballot blocking" goals, which were ideated for months prior. This is not an isolated case - Pickens, Chattooga, and Walker County "GOP" corporate affiliates also attempted to assert their power to block candidates from the Republican ballot in March 2024.[1]

---

[1] *Pickens GOP will Screen Candidates for Local Offices,*
https://pickensprogress.com/pickens-gop-will-screen-candidates-for-local-offices-2/ (last visited Jul 12, 2025).
*Judges Ruling Allows GOP Candidates to Run Without Being Vetted,*
https://chattooga1180.com/judges-ruling-allows-gop-candidates-to-run-without-being-vetted/ (last visited Jul 12, 2025).
*Walker County Republican Party Vetting Candidates,*
https://www.timesfreepress.com/news/2024/jun/17/walker-county-republican-party-vetting-primary-candidates-tfp/ (last visited Jul 12, 2025).

14.

## II. LIBRARY OF CASES IN THE FEDERAL REPORTER OF GEORGIA REPUBLICAN PARTY, INC.

Georgia Republican Party, Inc. is either Plaintiff, Defendant, or

Intervenor in the following cases before the federal judiciary. In every case,

GRP, Inc. claims to have corporate power to act inside of Georgia's electoral

system, which is unconstitutional.

> **CRITICAL CASE:** *Qiana Keith v. Georgia Republican Party, Georgia Republican Party, Inc. and John Padgett, in his capacity as Chairman of the <u>Georgia Republican Party</u> and <u>Georgia Republican Party, Inc.</u>*, No. 1:14-cv-02159-CAP, WITHHELD FROM THE FEDERAL REPORTER (N.D. Ga. 2014)



Case 1:14-cv-02159-CAP   Document 248   Filed 03/26/18   Page 1 of 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QIANA KEITH,

    Plaintiff,                             CIVIL ACTION FILE NO.

v.                                 1:14-cv-02159-CAP

GEORGIA REPUBLICAN PARTY and
GEORGIA REPUBLICAN PARTY, INC.;

    Defendants.

**AMENDED JOINT STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

COME NOW the parties to this action, Plaintiff Qiana Keith and Defendants

Georgia Republican Party and Georgia Republican Party, Inc., and jointly stipulate,

pursuant to FED.R.CIV.PRO. 41(a)(1)(A)(ii), to amend the previously filed dismissal

without prejudice to dismiss Plaintiff's claims with prejudice. Each Party shall bear

their own cost and attorney fees in connection with this matter.

*Coal. for Good Governance v. Kemp,* No. 1:21-CV-2070-JPB, 2025 WL 848462 (N.D. Ga. Mar. 18, 2025)

15.

*Int'l All. of Theater Stage Emps. Loc. 927 v. Fervier,* No.
1:23-CV-04929-JPB, 2025 WL 747513 (N.D. Ga. Mar. 7, 2025)

*New Georgia Project v. Raffensperger,* No. 1:24-CV-03412-SDG,
2024 WL 5118477 (N.D. Ga. Dec. 16, 2024)

*In re Georgia Senate Bill 202,* 688 F. Supp. 3d 1300 (N.D. Ga. 2023)

*In re Georgia Senate Bill 202,* 622 F. Supp. 3d 1312 (N.D. Ga. 2022)

VoteAmerica v. Raffensperger, No. 1:21-CV-01390-JPB, 2022 WL
22869788 (N.D. Ga. Apr. 21, 2022)

Coal. for Good Governance v. Kemp, No. 1:21-CV-02070-JPB, 2021
WL 2826094 (N.D. Ga. July 7, 2021)

*Fair Fight Action, Inc. v. Raffensperger,* No. 1:18-CV-5391-SCJ, 2021
WL 9553856, at *26 (N.D. Ga. Mar. 31, 2021), opinion clarified, No.
1:18-CV-5391-SCJ, 2021 WL 9553849 (N.D. Ga. Nov. 15, 2021)

*United States v. Georgia,* 574 F. Supp. 3d 1245 (N.D. Ga. 2021)

*In re Georgia Senate Bill 202,* No. 1:21-CV-01259-JPB, 2023 WL
5334582 (N.D. Ga. Aug. 18, 2023)

*Georgia State Conf. of NAACP v. Raffensperger,* No.
1:21-CV-01259-JPB, 2021 WL 12300690 (N.D. Ga. Dec. 9, 2021)

*New Georgia Project v. Raffensperger,* No. 1:21-CV-01229-JPB, 2021
WL 12300689 (N.D. Ga. Dec. 9, 2021)

*Trump v. Kemp,* 511 F. Supp. 3d 1325 (N.D. Ga. 2021)

*Sixth Dist. of Afr. Methodist Episcopal Church v. Kemp,* 574 F. Supp.
3d 1260 (N.D. Ga. 2021)

*New Georgia Project v. Raffensperger,* 976 F.3d 1278 (11th Cir. 2020)

16.

*Georgia Republican Party, Inc. v. Sec'y of State for Georgia,* No. 20-14741-RR, 2020 WL 7488181 (11th Cir. Dec. 21, 2020)

*Democratic Party of Georgia, Inc. v. Crittenden,* 347 F. Supp. 3d 1324 (N.D. Ga. 2018)

Exhibit 0, attached, demonstrates a summary of these cases, in addition to state cases, in more detail. Georgia Attorneys Present <u>Duplicitous Pleadings and Certificates</u> to State and Federal Judges. This includes attorneys in this case.

## IV. IRS COMPLAINT FILED WITH CRIMINAL VIOLATIONS

On May 30, 2025 and June 9, 2025, citizens filed IRS Form 13909 complaints, and additional protective documentation, to the IRS documenting criminal tax fraud outlining the following actions of GRP, Inc.:

- In 2014, illegally assumed the FEIN 58-0614987 of the unincorporated Georgia Republican Party association without IRS authorization.

- Opened corporate bank accounts under this misappropriated FEIN across multiple federally insured banks.

- Filed false IRS Form 941 payroll returns using the stolen FEIN, verified through direct contact with CFO Laurie McClain.

- Operated as a §527 political organization without filing Form 8871 or Form 8872, in violation of 26 U.S.C. § 527(i)-(j).

17.

- Raised and spent over $130 million under false pretenses while avoiding income tax liability and IRS disclosure.

- Filed fraudulent documents in both federal and state jurisdictions, and concealed required leadership information in violation of O.C.G.A. § 14-3-801.

These actions constitute clear violations of federal law, including:

- 26 U.S.C. § 6109 and Treas. Reg. § 301.6109-1(d): requiring unique EINs for distinct legal entities.
- 26 U.S.C. § 7206(1): fraud and false statements under penalty of perjury.
- 26 U.S.C. § 7207: submission of fraudulent returns and documents.
- 26 U.S.C. § 7212: obstruction of the administration of tax laws.

This is a header to one of the forms that was filed:

| Form **13909** (November 2023) | Department of the Treasury - Internal Revenue Service<br>**Tax-Exempt Organization Complaint (Referral)** | | | OMB Number<br>1545-2314 |
|---|---|---|---|---|
| **Referred Organization Information** | | | | |
| 1. Name of referred organization<br>GEORGIA REPUBLICAN PARTY, INC . (a Georgia, non-member, domestic nonprofit corporation under Ga Title 14) | | | | |
| 2. Street address<br>P.O. Box 550008 | | | | |
| 3. City<br>Atlanta | 4. State<br>GA | 5. ZIP code<br>30355 | 6. Date of referral<br>05/30/2025 | |
| 7. Organization's Employer Identification Number (EIN)<br>NONE (Referred org has seized the FEIN of the Ga Title 21 Georgia Republican Party member association 58-0614987 for tax and banking purposes) | | | | |
| **Details of Alleged Violation** | | | | |
| 8. Name(s) of person(s) involved<br>John Padgett (initial director / CFO / CEO) 2014-2017, ... cont'd below in #12... | | | | |
| 9. Organizational title(s)<br>GEORGIA REPUBLICAN PARTY, INC . | | | | |
| 10. Date(s)<br>February 2014 to present | 11. Dollar amount(s) *(if known)*<br>$20,000,000 or more | | | |

## III. FRAUD UPON THE COURT AND CONSTITUTIONAL VIOLATIONS ARE CLEAR

From the start of litigation, Plaintiffs and their counsel—Catherine Bernard, Alex Johnson, and David Oles—deliberately failed to disclose GRP, Inc.'s private corporate status and control over the "Catoosa GOP" a county affiliate which is no more than an instrumentality, a corporate arm, and proxy entity for corporate governance in this federal litigation. (Exhibit 5). This constitutes false pleading in violation of Fed. R. Civ. P. Rule 8. Instead, they presented the entity as a legitimate political party committee while invoking constitutional protections (e.g., associational rights) reserved only for actual Title 21 political parties. They appear to have done so with an apparent intent to subvert the rule of law in order to pursue government power with their political associates. They knew.

Further, Defendant attorney Christopher Harris has failed to do so, as well, upon multiple notices of the fraud, one as recently as June 13, 2025, upon which he took no apparent action nor provided a reply. See below:

19.



**From**  ↗ 🔒 freedomwinsusa@protonmail.com          ☆ ◁ Jun 13

**To**  chrisharris@pattylaw.com,  Susan Opra

Attorney Harris,

This is a message in the urgent public interest. Will you take action to notify the N.D. Ga District and the 11th Circuit Court of Appeals of the United States of the below matters?

You and your clients have been extensively notified of these issues involving crime and fraud. No action under the GA Election Code is occurring, only under color. The local Catoosa "group" is under the GA Title 14 authority of a private corporation. They have self-admitted their exclusive corporate authority whenever pushed. We have four years of verifiable evidence. What they are doing involves racketeering and federal tax fraud.
https://goreclaimga.org/wp-content/uploads/2025/06/Press-Release-Doc-13.pdf

If you would like assistance in drafting motions that protect the rights of your clients, Catoosa County citizens, and, by implication, all Georgia citizens, my team and I are happy to help. Constitutional cases based on abstractness or theory cases do not protect the rights of any American.

Sincerely,

Sarah E. Thompson
Bulloch County
U.S. Veteran Military Officer
856-866-6881

These actions constitute fraud upon the court as clearly defined in *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978) and *Travelers Indem. Co. v. Gore*, 761 F.2d 1549 (11th Cir. 1985). This directly triggers the Court's inherent authority, as recognized in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238

20.

(1944), to correct such conduct (after-discovered fraud warrants relief against a judgment regardless of the term at which it was finally entered). See also *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).

Also, from *Hazel* (at 249), "We think that when this Court, a century ago, approved this practice and held that federal appellate courts have the power to pass upon, and hence to grant or deny, petitions for bills of review even though the petitions be presented long after the term of the challenged judgment has expired, it settled the procedural question here involved." *Southard v. Russell,* 57 U.S. 547, 14 L. Ed. 1052 (1853), citing *Tyler v. Magwire,* 84 U.S. 253, 283, 21 L. Ed. 576 (1872), which states: "Repeated decisions of this court have established the rule that a final judgment or decree of this court is conclusive upon the parties, and that it cannot be re-examined at a subsequent term, ***except in cases of fraud,*** as there is no act of Congress which confers any such authority." (Italics supplied.) The Court did not limit this power to appellate courts—district courts also have this equitable authority, later codified in Rule 60(d)(3).

Furthermore, "The inherent power of a federal court to investigate whether a judgment was obtained by fraud on the court is beyond question." *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946).

By fraud, the actions of GRP, Inc. and its county affiliates violate the

First and Fourteenth Amendments, imposing unconstitutional conditions on

candidate ballot access and denying due process. Candidates are forced to

comply with corporate bylaws to access the ballot, creating a regime of

either forced corporate association or outright denial of equal protection.

Other problems exist, such as infringement of the right to political

participation and self-government. The concert likely also violates the

Qualifications Clause (Article I, § 2 and § 3 of U.S. Constitution). If GRP,

Inc. imposes qualifications beyond those set by law (e.g., party loyalty oaths,

corporate membership), it may violate the exclusive criteria set for federal

office, as articulated in *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779

(1995). States or third parties cannot add qualifications to federal office

beyond those in the Constitution.

Every Georgian is impacted by this heinous and blatant fraud.

## IV.  RELIEF IS PROPER PURSUANT TO FED. R. CIV. P. 60(b)

The circumstances presented in this matter create a compelling

necessity for judicial intervention. Where fraud upon the court is credibly

alleged—particularly involving concealment of material facts, denial of

constitutional rights, and misuse of the judicial process—the Court bears not

only the authority but the institutional responsibility to act. This is not

22.

merely a discretionary function; it is a judicial imperative grounded in the Court's duty to uphold the rule of law, protect the integrity of its proceedings, and ensure that justice is not undermined by deception. To preserve public confidence and constitutional order, the Court must exercise its inherent equitable power to examine the record, permit further inquiry if necessary, and grant appropriate relief.

Although the underlying dispute arises from Catoosa County, the decision effectively redefines party status under Georgia law and thus directly impacts the **entire electoral system statewide**, including the rights of electors in Movants' home counties of **Fulton and Bulloch**.

Pursuant to Federal Rule of Civil Procedure 60(b)(3) and (4), relief is appropriate because the Order was obtained through material misrepresentation and concealment of GRP, Inc.'s private corporate status, and because the judgment confers constitutional protections on a legally unauthorized, non-associational corporate actors. This renders judgments **void** under prevailing federal and state law.

These actions demonstrate a long-time unconscionable plan or scheme requiring judicial action as defined in *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978) ("[I]n order to set aside a judgment or order because of fraud upon the court under Rule 60(b) ... it is necessary to show an

23.

unconscionable plan or scheme which is designed to improperly influence

the court in its decision." (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th

Cir. 1960)). Also, *Travelers Indem. Co. v. Gore*, 761 F.2d 1549 (11th Cir.

1985): "For fraud to lay in foundation for independent action for relief from

judgment, it must be such that it was not in issue in the former action nor

could it have been put in issue by the reasonable diligence of the opposing

party." Fed.Rules Civ.Proc.Rule 60(b), 28 U.S.C.A. (See *Travelers Indem.*

*Co. v. Gore*, 761 F.2d 1549 (11th Cir. 1985)).

Again, on March 22, 2024, Mrs. Opraseuth and Mrs. Thompson

notified all parties of their intervention in *Long, et al. v. Catoosa County*

*Republican Party, et al.*, Case No. SUCV2024000211, pending in the

Superior Court of Catoosa County. They notified Defendants prior to

qualifying week. (Exhibits 1-1 through 2-7). In April 2024, Mrs. Thompson

personally spoke with Jennifer Motter (Tel. (423) 653-4978), who replaced

Defendant Tonya Moore on the Defendant Board. Despite this direct

communication, no apparent corrective action was taken by Ms. Motter to

disclose the alleged corporate interference by the entity known as "Catoosa

GOP," nor was any effort made to alert appropriate state or federal

authorities. As a public official, Ms. Motter's inaction appears to have

further enabled a private corporation to exert control over governmental

electoral functions in violation of constitutional and statutory safeguards.

Accordingly, Movants respectfully request that the Court reconsider or

vacate its order to prevent further systemic harm to Georgia's election

franchise to preclude illegitimate future reliance on this precedent in directly

related litigation across the state.

## **PRAYER FOR RELIEF**

1. That this Court would immediately heed this Notice of Fraud Upon the
   Court and supporting IRS complaint documentation;

2. Declare that Georgia Republican Party, Inc. and its local county affiliates
   are not valid political party committees under Georgia Title 21 election
   law;

3. Refer the described conduct to state and federal criminal enforcement
   authorities;

4. Declare that certifications, filings, and electoral acts performed by GRP,
   Inc. are legally void;

5. Protect Georgia citizens from further corporate election fraud and ensure
   only lawful political party committees can exercise state election
   functions in any lawful election jurisdiction within the State of Georgia.

25.

Respectfully submitted this 13th Day of July, 2025.


Sarah E. Thompson, Pro se
150 Timber Cove
Statesboro, GA  30461
(856) 866-6881
freedomwinsusa@protonmail.com

Susan P. Opraseuth, Pro se
5815 Windward Parkway
Alpharetta, GA  30005
(513) 284-4321
SusanUSA@protonmail.com

---

I declare under penalty of perjury that the foregoing document and
evidentiary attachments are true and correct. (28 U.S.C. § 1746).

Respectfully submitted this 13th Day of July, 2025.


Sarah E. Thompson, Pro se
150 Timber Cove
Statesboro, GA  30461
(856) 866-6881
freedomwinsusa@protonmail.com

Susan P. Opraseuth, Pro se
5815 Windward Parkway
Alpharetta, GA  30005
(513) 284-4321
SusanUSA@protonmail.com

26.

## CERTIFICATE OF COMPLIANCE

---

Pursuant to L.R. 7.1 (D), the undersigned certifies that the foregoing has

been prepared in Times New Roman 14pt, a font and type selection

approved by the Court in L.R. 5.1 (C), one-inch margins, and 25 pages or

less.

Respectfully submitted this 13th day of July, 2025,

Sarah E. Thompson, Pro se
150 Timber Cove
Statesboro, GA  30461
(856) 866-6881
freedomwinsusa@protonmail.com

Susan P. Opraseuth, Pro se
5815 Windward Parkway
Alpharetta, GA  30005
(513) 284-4321
SusanUSA@protonmail.com

27.

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE COMPLIANCE STATEMENT

Complying with Federal Rule of Appellate Procedure 28(a)(1) and LR 3.3(A)(1)(2)(3)(4), the following statement represents a full and complete list of trial judges, attorneys, persons, associations, firms, partnerships, or corporations that have an interest in the outcome of this particular case to the best of their knowledge as Movants. (Note: Parties properly identified interested persons in their Principal Briefs filed Dec. 2, 2024 and Feb. 2, 2025, respectively, in the appellate case per 11th Cir. R. 26.1-1. However, CIP statements are missing in this Court from their previous actions here in this case in Apr. - May 2024.)

- Bernard & Johnson, LLC

- Bernard, Catherine

- Black, Larry C

- Burton, Jessica

- Catoosa County Board of Commissioners

- Catoosa County Board of Elections and Voter Registration

- Catoosa County Republican Party

- Carr, Christopher

- Crawford, Nina

- Cornelison, Marvin

- Davis, Tommy

- Democratic Party of Georgia, Inc. - *acting unconstitutionally*

28.

- Georgia Republican Party, Inc. - *acting unconstitutionally*

- Henry, Steven M

- Hildreth, Joanna

- Hullander, Vanita

- Johnson, Jordan

- Judge William M. Ray, II, District Court Judge

- Long, Jeffrey K

- McKelvy, Ron

- Moore, Tonya

- Oles, David

- State of Georgia

- **[Every County Goverment within the State of Georgia]**

- **[Every Georgia Elector]**

Respectfully submitted this 13th day of July, 2025,

Sarah E. Thompson, Pro se
150 Timber Cove
Statesboro, GA 30461
(856) 866-6881
freedomwinsusa@protonmail.com

Susan P. Opraseuth, Pro se
5815 Windward Parkway
Alpharetta, GA 30005
(513) 284-4321
SusanUSA@protonmail.com

E

X

H

I

B

I

T

S

EXHIBIT 0-1

# GEORGIA ATTORNEYS PRESENT DUPLICITOUS PLEADINGS[1] AND CERTIFICATES TO STATE AND FEDERAL JUDGES

### A SINGLE FEIN 58-0614987 IS USED BY BOTH ENTITIES:
### THE GEORGIA REPUBLICAN PARTY (ASSOCIATION) AND
### THE GEORGIA REPUBLICAN PARTY, INC. (CORPORATION)

| CLAIM ONLY POLITICAL PARTY IDENTITY and blatantly **OMIT** GRP, INC. | CLAIM PRIVATE CORPORATE IDENTITY **WITH POWER** of a state political party |
|---|---|
| *State of Georgia v. David Shafer.* **8/2023.** 1:23-cv-03720-SCJ, N.D. Ga., Atlanta Div. 23-13360, 11th Cir. Crt. of App. GRP, INC. not disclosed on Cert. of Interested Persons & Corps. Shafer "elected" GRP, INC. corporate. presidential electors in 2020.[2] GRP, INC. funded the lawsuit & then repeated corporate elector acts into federal record in 2024. | *John Padgett vs. Republican Party of Georgia, Inc.* **2021.** 2021CV354612, Sup. Crt. of Fulton Cty. Padgett sued for corporate indemnity. Yet, the GRP, INC. responded with arguments for monetary damages for a breach of fiduciary duty to the private member-prohibiting corporation. No mention of fiduciary duty to the Georgia Republican Party (the actual member political party association). |
| *State of Georgia v. Donald J. Trump et al. (Shafer, Still, Latham).* **8/2023.** 23SC188947, Sup. Crt. of Fulton Cty. No known disclosure of a so-called "party committee" of the GRP, INC. private corporation having conducted the election of presidential electors. | *American Oversight, et al. v. The Ga State Elections Board; Janice Johnston, member et al.* **7/2024.** 24CV009124, Sup. Crt. of Fulton Cty. GRP, INC. motioned to intervene on behalf of their corporate "appointee" public official, Dr. Janice Johnston. Red flag unconstitutional. Ongoing. |
| *Ex Parte Christopher Brasher which triggered the Special Grand Jury indictments of Trump, Shafer, Still, Latham, et al.* **2022.** 2022-Ex-000024, Sup. Crt. of Fulton Cty. No known disclosure of the GRP, INC. in the case file or to the grand jurors whatsoever. Indictments issued. | *Kari Lake, et al., v. Adrian Fontes, AZ Sec of State, et al.* **4/2024.** U.S. Supreme Court No. 23-1021. GRP, INC. filed an amicus curiae brief in support of Plaintiff, but did not claim to be a state political party under Ga Election Code. The Corp claimed to act with federal and RNC power. Dismissed. |
| *Catoosa County Republican Party et al v. Catoosa County Board of Elections and Voter Registration et al.* **4/2024.** 4:24-cv-00095-WMR, N.D. Ga., Rome Div. No mention whatsoever of the GRP, INC. in any court document, yet State Rules "of the GRP, INC." were falsely misrepresented as Rules of the State Executive Committee of the Republican Party under color of the Ga Election Code. The corporate entity | *In Re: Georgia Senate Bill 202.* **9/2023.** 1:21-mi-55555-JPB, N.D. Ga. Defendant GRP, INC. is represented by Alex Kaufman on matters of election law advocated by Republicans within the Georgia State Legislature. The corporation is fully embedded with power in Georgia's state government. New Georgia Project and NAACP Plaintiffs. |

---

[1] The duplicity appear to be violations of Federal Rules of Civil Procedures and ABA Rules.

[2] Under Ga Title 21 Election Code, Chapter 2, Article 3 a registered political party must establish and maintain committees at state and county jurisdictional levels to conduct ballot access. Rules and regulations within a political party must be adopted under Title 21, and are therefore not corporate rules under Ga Title 14. They must be compliant prior to primary elections. O.C.G.A. § 21-2-153(e)(9), 21-2-154(a). Corporate Law directly conflicts with Election Law in innumerable areas. Civil rights are not protected by a private corporation interfering to replace the state political party.

EXHIBIT 0-2

EXHIBIT 0-2

| | |
|---|---|
| was not presented to the judges in any party filing. *Bryan Tyson / Bernard & Johnson. TRO Request Denied. | |
| *Catoosa County Republican Party et al. v. Steven M. Henry et al. 4/2024.* SUCV2024000211, Sup. Crt. of Catoosa Cty. S24A0917. Appeal to Sup. Crt. of Ga. GRA, INC. / GRP, INC. aim to blacklist and block candidates from running as Republicans. Trial court granted emergency TRO request for candidates to qualify with the county. GRP, INC.[3] not stated in the case. Ongoing. | *Georgia Republican Party, Inc. et al v. Brad Raffensperger, et al. 12/2020.* 2:20-CV-00135, S.D. Ga., Brunswick Div. The GRP, INC. claimed to have members and be a "Georgia Political Party" under Ga Code 21-2-2(25). Yet, the corporation prohibits members in its superseding corporate Articles. Political party committees must have members per Title 21 Election Code. Dismissed with prejudice. |
| *Julie Adams, in her official capacity as member of the Fulton Cty Board of Registration & Elections v. Fulton Cty. BRE & Nadine Williams, Elections Director. 6/2024.* 24CV006566, Sup. Crt. of Fulton Cty. Alex Kaufman, attorney for GRP, INC. represents Adams as appointed to the Fulton BRE by "Fulton County Republican Party," yet fails to state the actual corporate entity - "Fulton County Republican Party, Inc." under Ga Title 14. GRP, INC. not disclosed. | *GRP, INC., Perdue, Leoeffler, et al. v. Sec'y of the State of GA. 12/2020.* 1:2020-CV-05018, N.D. Ga., Atlanta Div. Similar to the above. Dismissed. |
| *Roque "Rocky" De La Fuente v. Secretary of State Brad Raffensperger in his official capacity. 2020.* 1:19-cv-05323-JPB, N.D. Ga., Atlanta Div. Sec. of State Raffensperger authorizes the GRP, INC. to act as the state political party to deny presidential primary ballot access. Ga Attorney General Chris Carr, who represented Raffensperger in this case, failed to disclose the corporation that directly denied ballot access to the federal court. Injunction Denied. | *In Re: Enforcement of Election Laws and Securing of Ballots Cast or Received after 7:00pm on Nov 3, 2020. 12/2020.* SPCV20-00982, Sup. Crt. of Chatham Cty. GRP, INC. filed the Petition as the "State Party." Denied. |
| NOTE: David Shafer is corporately indemnified by the GRP, INC. for the legal fees regarding his criminal grand jury indictment in Fulton County by DA Fani Willis. However, he did not state the GRP, INC. to state and federal judges in case filings regarding his federal elections actions involving presidential electors. FEC reports indicate tens, if not hundreds of thousands of dollars in legal defense fees to defend the corporate actions of CEO David Shafer in the aftermath of the 2020 presidential election. | *Qiana Keith v. Georgia Republican Party et al. 2014-2017.* 1:14-cv-02159-CAP, N.D. Ga. Keith began by suing Padgett as head of both the "party" and head of the "Inc." Then, she switched to suing just the GRP, INC. when Padgett declared the corporation had replaced the party. Keith had no choice because Padgett et al had converted the donor funds to his GRP, INC. Case settled and then was voluntarily dismissed against both the separate GRP and GRP, INC. |

---

[3] There is no known provision of a law for a unit of a state corporation to exercise jurisdiction and control within public elections. This lack of provision impacts the validity of state and county jurisdictional claims by the "Georgia Republican Party, Inc." to qualify candidates, designate poll watcher, and other election roles constituting state action.

EXHIBIT 1-1

 Gmail

## Qualifiers & Republican Title 21 Important

**Sarah Thompson** <sarahpatriot99@gmail.com>                                     Fri, Mar 1 at 1:57 PM
To: <team@goreclaimga.org>
Bcc: <egale@mcintoshcounty-ga.gov>, <maddox.denise2@gmail.com>, <vaughn.gable@haralsoncountyga.gov>, Brook
Schreiner <bschreiner@buttscounty.org>, <elections@co.newton.ga.us>, <ymack@hallcounty.org>,
<voterreg@dekalbcountga.gov>, Darin McCoy <darin.mccoy@evanscounty.org>, Cersha Snell <csnell@longcountyga.gov>,
<deidre.holden@paulding.gov>, <jphillips@trc-lawfirm.com>, <shonda@applingco.com>, <lellison@habershamga.com>,
<jwinter@turnercountygeorgia.com>, <cbaxter@madisonco.us>, <lbolton@lincolncountyga.com>,
<atcoelections@hotmail.com>, <arussell@baconcounty.org>, Carla Heard <bd.elect@bakercountyga.com>,
<baldwinprobate@yahoo.com>, <registrars@co.banks.ga.us>, <mfranklin@barrowga.org>, <kirkj@bartowcountyga.gov>,
<electionsbenhill@aol.com>, <belections@windstream.net>, <tgillon@maconbibb.us>, <jfordham@bleckley.org>,
<bcelections@btconline.net>, <brookscoelections@windstream.net>, <cindyreynolds@bryan-county.org>,
<burkereg@burkecounty-ga.gov>, <projudgeholder@windstream.net>, <ddfelix@co.camden.ga.us>,
<candlerprobate@gmail.com>, <elections@carrollcountyga.com>, <catoosaelections@catoosa.com>,
<bhodges@charltoncountyga.gov>, <biwooten@chathamcounty.org>, <jonigoodwin@yahoo.com>,
<chattoogaelections@hotmail.com>, <voterhelp@cherokeega.com>, <charlotte.sosebee@accgov.com>,
<clayprobatejudge@gmail.com>, <elections@claytoncountyga.gov>, <clinchelections@clinchcountyga.gov>,
<ElectionsInfo@cobbcounty.org>, <rachel.roberts@coffeecounty-ga.gov>, <ngay@columbiacountyga.gov>,
<cookelections@windstream.net>, <agay@coweta.ga.us>, <b.peacock@crawfordcountyga.org>,
<elections@crispcounty.com>, <tvaughan@dadecounty-ga.gov>, <gferguson@dawsoncounty.org>,
<elections@decaturcountyga.gov>, <al.mccranie@yahoo.com>, <dooly.county.elections@gmail.com>,
<docovoterregelections@dougherty.ga.us>, <bdofelections@co.douglas.ga.us>, <elections@earlycounty.org>,
<judgerodgers@planttel.net>, <boe@effinghamcounty.org>, <kcurry@emanuelco-ga.gov>,
<elections@fannincountyga.org>, <electionsgroup@fayettecountyga.gov>, <voter@forsythco.com>,
<tcreason@franklincountyga.gov>, <elections.voterregistration@fultoncountyga.gov>, <gilmerelections@ellijay.com>,
<probate@glascockcountyga.com>, <glynnelections@glynncounty-ga.gov>, <shicks@gordoncounty.org>, Kathleen Coine
Mayers <ckathleen@greenecountyga.gov>, <voterregistration@gwinnettcounty.com>, <elections@hallcounty.org>,
<boer@hancockcountyga.gov>, <sjarrett@harriscountyga.gov>, <registrar@hartcountyga.org>,
<tadams@heardcountyga.com>, <aypitts@co.henry.ga.us>, <elections@houstoncountyga.gov>, Irwin County Elections
<electionsirwincounty@aol.com>, Jennifer E. Logan <jelogan@jacksoncountygov.com>, <jasperprobate@bellsouth.net>,
<jeffdaviselections@gmail.com>, <sgray@jeffersoncountyga.gov>, <probate8@gmail.com>,
<dkillingsworth@johnsonco.org>, <marion.hatton@jonescountyga.org>, <smayfield@smithwelchlaw.com>,
<elections@laniercountyboc.com>, <jacksonge@dlcga.com>, <elections@lee.ga.us>, <elections@libertycountyga.com>,
<longcountyelections.csnell@gmail.com>, <elections@lowndescounty.com>, <elections@lumpkincounty.gov>,
<macoboer@windstream.net>, <marioncountyelect@gmail.com>, <phyllis.brooks@thomson-mcduffie.net>

Dear Election Superintendents, Election Board Members, and Designees,

*If you are receiving this a second time, this is to cover some distribution issues from yesterday.*
*Sincere apologies.*

We respectfully ask that the attached letter regarding candidate qualifications and GA Title 21 undergo
immediate review, as it relates to constitutional matters that may impact the citizens and candidates of
your county.

Feel free to reach out if you have any questions or additional facts by replying to this email or
contacting us at 803-702-0387.

Sincerely,

EXHIBIT 1-2

Susan P. Oprasdin and Sarah Thompson
Georgia Citizens
GoReclaimGA, LLC

Qualifications & GA Title 21.pdf

EXHIBIT 1-3

February 29, 2024


GoReclaimGA, LLC
8815 Windward Parkway
Alpharetta, GA  30005
team@goreclaimga.org
803-702-0387


Dear Election Superintendents, Election Board Members, and Designees,

We have every belief that you place the highest priority on the equal protection of your citizens and candidates to defend your constitutional county jurisdiction. This letter concerns your acceptance of submitted "Republican Party" designations of "a party official with whom candidates of such party for county elective office shall qualify" (O.C.G.A. § 21-2-153(c)(2)). The qualifying paperwork that you must dutifully execute on "behalf" of the "Republican Party" is additionally concerning. There are immediate matters of GA Title 21 Law largely outside the awareness of public election officials, citizenry, and candidates, addressed below.

You and your office are responsible for presenting and processing fully transparent and lawful paperwork to public candidates next week, March 4th-8th. That paperwork must be properly certified to you per O.C.G.A. § 21-2-154(a), by public actions that "prevent any fraud, deceit, or abuse" (O.C.G.A. § 21-2-70(15)). We urge you to exercise caution in your duties.

Notably, Attorney Bryan Tyson, for Secretary of the State of Georgia, recently stated in the federal trial of *Curling v. Raffensperger* on 2/1/24: "As a matter of practice counties run elections in Georgia **with assistance** from the State... You can't bind the counties through the Secretary [of State] because the **counties have their own independent legal obligations for how they conduct elections**" (U.S. District Court Official Certified Transcript pg 108-109).

There are four immediate matters of GA Title 21 Law for your consideration:

1 - The Raffensperger Administration and Kemp before him **have recognized a private corporation** - the **Georgia Republican Party, Inc. (GRP, Inc.) - with authority to conduct statewide party affairs in Georgia**. Rules of this GRP, Inc. appear to have taken the place of the previous Title 21 Elections Law rules, seeming to violate political party standards of O.C.G.A. § 21-2-110(f) & 111. This impacts our ballots. The candidate qualification affidavit asks for an attestation "That he or she will not knowingly violate THIS chapter or rules or regulations adopted under THIS chapter" (O.C.G.A. § 21-2-153(e)(9)). THIS chapter refers to **Chapter 2 of Title 21 of the GA Elections Code**. Instead, the "State Republican Party," missing registration documents under Title 21, is apparently operating **under Title 14 Corporate Law**.

2 - **All officials of the "State Republican Party" appear currently poised as officials for the GRP, Inc. - a corporation**. According to the GRP, Inc. Rule 1.1 & 7.6 (gagop.org), party officials include: "*Members of State Exec Committee, the State Committee, GRP employees, appointed GRP Officials, County Chairmen, members of any County Committee and members of any District Committee.*" All positions of the "Georgia Republican Party" appear to be under a separate entity named the GRP, Inc. that executes **a member prohibition** in its Articles of Incorporation, but then proceeds to solicit membership in its Rule 1.1.

1

3 - **These county "Party Incs,"** are registered with the GASOS Corporations Division and appear to be **_acting as_** Title 21 Elections Law "Republican Political Party Committees." Local corporate officials may be qualifying and collecting fees from public candidates:

| | | |
|---|---|---|
| Barrow County | Fulton County | Muscogee County |
| Bartow County | Gilmer County | Newton County |
| Bibb County | Glynn County | Pickens County |
| Bulloch County | Gordon County | Pierce County |
| Camden County | Greene County | Putnam County |
| Chatham County | Gwinnett County | Rabun County |
| Cherokee County | Hancock County | Town County |
| Cobb County | Harris County | Rockdale County |
| Colquitt County | Heard County | Taylor County |
| Columbia County | Henry County | Berrien County |
| Crawford County | Houston County | Tift County |
| Dekalb County | Macon County | Union County |
| Dougherty County | Meriweather County | Walker County |
| Fannin County | Miller County | Wayne County |
| Fayette County | Morgan County | Whitfield County |

4 - Counties not listed above without an established local "Party Inc" structure still retain officials who are acting **corporately** on behalf of the State GRP, Inc. **The Republican corporate structure in the State of Georgia is, alarmingly, unavoidable**.

**Continuing historic government precedence is not a valid reason to avoid the Law.** Without immediate remedy, the 2024 Candidate Qualification Paperwork for county and state candidates appears to LACK CRITICAL DISCLOSURE of potential violations of Elections Law:

To: The Chairman and Secretary of the County
Executive Committee of the
Party of _____ County/Municipality
State of Georgia

**DECLARATION OF CANDIDACY AND AFFIDAVIT**
(COUNTY/MUNICIPALITY)

> **More accurate example:**
> To: The Chairman and Secretary of the County Executive
> Committee of *Red County Republican Party, Inc.*
> and *Georgia Republican Party, Inc.*,
> Duly Incorporated Under the Laws of the State of Georgia

provisions of the Georgia Election Code (O.C.G.A. § 21-2) or of the rules or regulations adopted thereunder; I will not knowingly violate the rules or regulations of the _____ party.

> **More accurate example:**
> ... *Provisions of GA Corporations Code... I will not knowingly violate the Rules of the Georgia Republican Party, Inc. (and possibly other Inc.) adopted under GA Title 14.*

**Political proponents are requiring the following oath of allegiance claiming the authority** of O.C.G.A. § 21-2-153(b)(4):

I DO SWEAR OR AFFIRM MY ALLEGIANCE TO THE GEORGIA REPUBLICAN PARTY.

Print Name of Candidate: _____

Signature of Candidate: _____

Date: _____

> **More accurate (example):**
> I do swear or affirm my allegiance to the *Georgia Republican Party, Inc., a Domestic Non-Member, Nonprofit Corporation (and possibly) other local "Party Inc" such as Red County Republican Party, Inc.*

In the results of our GASOS Open Records Request #24-52, the **Elections Division has directed no disclosure of these corporations to election officials nor the candidates, some of whom will be given no option but to knowingly or unknowingly route their fees through corporate "Party Inc." bank accounts**. This is despite the remittance of GASOS ORR #23-475 and several others authorizing the GRP, Inc.:

> *Request* the following for the State Republican Party: names, home addresses, and titles of the persons composing its governing committee and executive officers // certified copies of its charter, bylaws, rules, and regulations. *Remittance*: ALL PUBLIC CORPORATE DOCUMENTS. No governing committee provided - only the names of Alex Kaufman, Caroline Jeffords, Joshua R. McKoon, and Laurie L. McClain on a corporate annual registration dated 9/15/23.

Furthermore, much of the cashflow for these corporate Republican committees may be directed through corporate bank accounts, not those of member-based political party committee associations. Candidate qualification fees may be remitted to county governments by means of corporate bank checks. Interchanging of tax identification numbers may also be occurring.

Citizens have also discovered that some of the local "Party Incs" do not even have the name of the party. For example, "Starting Over Smarter, Inc." in Gwinnett County.

In its Articles of Incorporation, the GRP, Inc. has self-identified as a FEDERAL political organization under IRS 527 Law. However, it neglects the mandate that political organizations in GA consist of all political parties and political bodies officially structured and registered under Article 3, Chapter 2 of Title 21 Elections Law and per O.C.G.A. § 21-2-2.

**Basic democracy matters in Georgia. Title 14 corporate documents and rules appear to have no authorized power over political party officials, committees, election affairs, and conventions mandated exclusively by Title 21 of the Georgia Elections Code.**

The following statutes appear to be relevant to these quandaries: Public election officials have the power and responsibility to get needed answers under O.C.G.A. § 21-2-560. **Consequences regarding duty failures of public officers** or any officer of a political party is in O.C.G.A. 21-2-596. Enabling false statements and false pathways may intersect O.C.G.A. § 21-2-563 & 603. Titles 45 & 16 are also likely engaged regarding public documents.

Our candidates are constitutionally protected. They **may be unknowingly subjected** to signing Affidavits to a corporation and not to a lawful political party. Facilitating a candidate pathway through a corporate entity not in compliance with Title 21 Elections Law may nullify the candidate qualification procedures and paperwork. <u>Does it appear to you that corporate pathways to ballot access may invalidate the ballot?</u>

If compelled to dutifully inquire about these documented conditions that may be unequally protecting the citizens of your county and impacting your responsibilities we encourage you to reach out to the Elections Division of the Georgia Secretary of State immediately to determine if you can receive anything other than corporate documents.

Please feel free to contact us with any questions or corrections to this information.

Very respectfully,

*Susan P. Opraseuth*
Susan P. Opraseuth (Fulton County)

*Sarah Thompson*
Sarah Thompson (Bulloch County)

Our Project Website: goreclaimga.org/home/

<u>Portions of the GRP, Inc. Corporate Documents Remitted within **GASOS ORR #23-475** :</u>



**RULES OF THE**

**GEORGIA**

**REPUBLICAN PARTY,**

**INC.**



Secretary of State
Control No.: 14013271
Date Filed 2/10/2014 9:40:48 AM

**Articles of Incorporation**

The Name of the Corporation:
Georgia Republican Party, Inc.

The corporation is organized pursuant to the Georgia Nonprofit Corps

**The Principal Place of Business:**
P.O. Box 550908
Atlanta, Georgia 30355

**Registered Agent's Name and Address:**
Anne W Lewis
1170 Peachtree St NE
Ste 2300
Atlanta, Georgia 30309-7200, Fulton County

**Effective Date:** February 07, 2014

**Optional Provisions:**

**The Coproration will not have members.**

## 1.1   QUALIFICATIONS FOR PARTICIPATION IN PARTY ACTIONS

All electors[1] who are in accord with the principles of the Republican Party, believe in its declaration of policy and are in agreement with its aims and purposes may participate as members of the Georgia Republican Party, Inc. (hereinafter "GRP") in its conventions or precinct caucuses. All chairmen[2] and members of committees, delegates to conventions and voters in precinct caucuses, provided for in these Rules, shall be members of the GRP and must

4

 Gmail

## Qualification FEES and Title 21

**Sarah Thompson** <goreclaimgeorgia@gmail.com>                                    Mon, Mar 11 at 11:45 PM
Bcc: <egale@mcintoshcounty-ga.gov>, <maddox.denise2@gmail.com>, <vaughn.gable@haralsoncountyga.gov>,
<bschreiner@buttscounty.org>, <elections@co.newton.ga.us>, <ymack@hallcounty.org>, <voterreg@dekalbcountga.gov>,
<darin.mccoy@evanscounty.org>, <csnell@longcountyga.gov>, <deidre.holden@paulding.gov>, <jphillips@trc-lawfirm.com>,
<shonda@applingco.com>, <lellison@habershamga.com>, <jwinter@turnercountygeorgia.com>, <cbaxter@madisonco.us>,
<lbolton@lincolncountyga.com>, <atcoelections@hotmail.com>, <arussell@baconcounty.org>, Carla Heard
<bd.elect@bakercountyga.com>, <baldwinprobate@yahoo.com>, <registrars@co.banks.ga.us>, <mfranklin@barrowga.org>,
<kirkj@bartowcountyga.gov>, <electionsbenhill@aol.com>, <belections@windstream.net>, <tgillon@maconbibb.us>,
<jfordham@bleckley.org>, <bcelections@btconline.net>, <brookscoelections@windstream.net>, <cindyreynolds@bryan-
county.org>, <burkereg@burkecounty-ga.gov>, <projudgeholder@windstream.net>, <ddfelix@co.camden.ga.us>,
<candlerprobate@gmail.com>, <elections@carrollcountyga.com>, <catoosaelections@catoosa.com>,
<bhodges@charltoncountyga.gov>, <biwooten@chathamcounty.org>, <jonigoodwin@yahoo.com>,
<chattoogaelections@hotmail.com>, <voterhelp@cherokeega.com>, <charlotte.sosebee@accgov.com>,
<clayprobatejudge@gmail.com>, <elections@claytoncountyga.gov>, <clinchelections@clinchcountyga.gov>,
<ElectionsInfo@cobbcounty.org>, <rachel.roberts@coffeecounty-ga.gov>, <ngay@columbiacountyga.gov>,
<cookelections@windstream.net>, <agay@coweta.ga.us>, <b.peacock@crawfordcountyga.org>, <elections@crispcounty.com>,
<tvaughan@dadecounty-ga.gov>, <gferguson@dawsoncounty.org>, <elections@decaturcountyga.gov>,
<al.mccranie@yahoo.com>, <dooly.county.elections@gmail.com>, <docovoterregelections@dougherty.ga.us>,
<bdofelections@co.douglas.ga.us>, <elections@earlycounty.org>, <judgerodgers@planttel.net>, <boe@effinghamcounty.org>,
<kcurry@emanuelco-ga.gov>, <elections@fannincountyga.org>, <electionsgroup@fayettecountyga.gov>,
<voter@forsythco.com>, <tcreason@franklincountyga.gov>, <elections.voterregistration@fultoncountyga.gov>,
<gilmerelections@ellijay.com>, <probate@glascockcountyga.com>, <glynnelections@glynncounty-ga.gov>,
<shicks@gordoncounty.org>, Kathleen Coine Mayers <ckathleen@greenecountyga.gov>,
<voterregistration@gwinnettcounty.com>, <elections@hallcounty.org>, <boer@hancockcountyga.gov>,
<sjarrett@harriscountyga.gov>, <registrar@hartcountyga.org>, <tadams@heardcountyga.com>, <aypitts@co.henry.ga.us>,
<elections@houstoncountyga.org>, <electionsirwincounty@aol.com>, Jennifer E. Logan <jelogan@jacksoncountygov.com>,
<jasperprobate@bellsouth.net>, <jeffdaviselections@gmail.com>, <sgray@jeffersoncountyga.com>, <probate8@gmail.com>,
<dkillingsworth@johnsonco.org>, <marion.hatton@jonescountyga.org>, <smayfield@smithwelchlaw.com>,
<elections@laniercountyboc.com>, <jacksonge@dlcga.com>, <elections@lee.ga.us>, <elections@libertycountyga.com>,
<longcountyelections.csnell@gmail.com>, <elections@lowndescounty.com>, <elections@lumpkincounty.gov>,
<macoboer@windstream.net>, <marioncountyelect@gmail.com>, <phyllis.brooks@thomson-mcduffie.net>,
<elections@bullochcounty.net>, <sjones@bullochcounty.net>

Dear Election Superintendents, Election Board Members, and Designees,

Sincere thanks for your recent remittance of records regarding any "party officials" qualifying
Republicans in your county. Also, your overwhelmingly positive feedback on our February 29th
letter has inspired hope across Georgia that our counties have courageous, ethical election officials
on duty for such a time as this.

The attached letter contains immediate concerns regarding the processing and paying of fees for
the qualification of Republican candidates. Those counties that qualified candidates on behalf of
the "Republican Political Party," **will you write checks to the Georgia Republican Party, Inc. as
state and federal candidates were directed to do?**

Very respectfully,

*Susan P. Opraseuth*
Susan P. Opraseuth (Fulton County)

*Sarah Thompson*

Project Website: goreclaimga.org/home/

 Sender notified by
Mailtrack

Qual Fee Routing – GRG.pdf

March 11, 2024

GoReclaimGA, LLC
8815 Windward Parkway
Alpharetta, GA  30005
team@goreclaimga.org, goreclaimgeorgia@gmail.com
803-702-0387

Dear Election Superintendents, Election Board Members, and Designees,

Sincere thanks for your recent remittance of records regarding any "party officials" qualifying Republicans in your county. Also, your overwhelmingly positive feedback on our February 29th letter has inspired hope across Georgia that our counties have courageous, ethical election officials on duty for such a time as this.

We hope you will reject any continual participation in state actions that negatively impact the constitutional rights of your citizens. And, that you would, instead, vigilantly proceed to defend your county per the strict and clear provisions of GA Election Code.

With emphasis, the Georgia Secretary of State Administrations of Brian Kemp and Brad Raffensperger **have recognized a GA Title 14 private corporation, the Georgia Republican Party, Inc. (GRP, Inc.), with authority to exercise total statewide control over party affairs in Georgia**. Counties **with or without** an additional county-level "Party Inc." structure still retain officials who are acting **corporately** *on behalf of the State GRP, Inc. and its Corporate Bylaws (Rules).*[1] **The Republican corporate structure in the State of Georgia is, alarmingly, unavoidable to voters, candidates, and election officials.**

**BIG PICTURE:** All rules for political parties must be adopted under Chapter 2 of Title 21 per GA Code 21-2-153(e)(9). There appear to be no such rules included in any current state political party registration for the "Republican Party" with the GASOS. There is no known state governing committee filed, which should be 178 elected members. This impacts your ability to currently accept documents of any sort from a "Republican" entity per GA Code 21-2-154. There is no known provision of Law authorizing CORPORATE ENTITIES and CORPORATE DOCUMENTS for a political party. GA Code 21-2-154 requires:

---

[1] All officials of the "State Republican Party" appear currently poised as officials for the GRP, Inc. - a private corporation. According to GRP, Inc. Rule 1.1 & 7.6 (gagop.org), party officials include: *"Members of State Exec Committee, the State Committee, GRP employees, appointed GRP Officials, County Chairmen, members of any County Committee and members of any District Committee."* All positions of the "Georgia Republican Party" appear to be under a separate entity named the GRP, Inc. that executes a member prohibition in its Articles of Incorporation, but then proceeds to solicit membership in the GRP, Inc. in its Corporate Rule 1.1.

*Such certification [of political party candidates] **shall not be accepted** if the political party **has not registered with the Secretary of State as required in Article 3 of this chapter.** [Chapter 2 of Title 21]*

A very recent **March 8th, 2024 Court Order** regarding four election qualification cases[2] in the Catoosa County Superior Court affirms our assertion of the primacy of GA Title 21 and Article 2 of the GA Constitution over ALL political party affairs in the State of Georgia. Election officials in Georgia counties must strictly construe[3] requirements for political party affairs under ONLY Title 21.

Last week, **in Columbia County**, the 15th largest in Georgia, **the Republican Chairman ethically forfeited any involvement in qualifications** because of the corporate obligations on him as an "official" of the GRP, Inc. and because of entanglements with the Columbia County Republican Party, Inc. This gentleman appears to have done so to protect the candidates, the Rule of Law, and both the U.S. and GA Constitutions. He should be commended.

We believe that similar lawful decisions should also have occurred statewide with denial of designations by both election officials and law–abiding Republicans. Election Law mandates that county rules be consistent with rules of the state governing committee (GA Code 21-2-111(c)) for proper oversight and compliance. We believe that all designations should have been denied[4] due to unlawful practice of allowing party affairs to be under the state parent "Georgia Republican Party, Inc." The GRP, Inc. is a private, non-member, like-named corporation under Title 14 Nonprofit Corporate Law.

### REGARDING FEES:

*If you facilitated the qualification of candidates through corporate "party officials,"* which include "County Chairmen" and "members of any County Committee," you can apparently expect a corporately "tied" check for 50 percent of the fees that they collected per GA Code 21-2-131(c)(1).

*If you accepted fees on behalf* of what you believe to be a compliant Republican political party, regardless of how long you have done so, we respectfully direct your attention to GA Code 21-2-131(c)(3)(B), which states:

---

[2] Catoosa County Clerk of Court SUCV20244000205, SUV2024400208, SUCV2024400211, SUCV2024000213 – Order of Judge Don W. Thompson, Judge of Superior Court, Lookout Mountain Judicial Circuit.

[3] "The election law is in derogation of the common law and must be strictly construed." Schloth v. Smith, 134 Ga. App. 529, 215 S.E. 2d 292 (1975).

[4] Justice Charlie Bethel of the GA Supreme Court has recently reminded Georgians: For a government entity whose authority on the relevant point is purely a creature of statute, the absence of statutory authority is the absence of legal authority to act. Camp v. Williams, 314 Ga. 699, 704, 879 S.E.2d 88, 92 (2022).

... **25 percent** <u>**shall be transmitted to the state executive committee of**</u> <u>**the appropriate political party**</u> and 75 percent shall be retained by the superintendent of the county.

Below, in Attachment A, is a February 22, 2024 letter sent to the Camden County Elections Office by Joshua R. McKoon, the so-called "Chairman" of the "Georgia Republican Party." Yet, the party has no known assets, except for maybe a circular logo they place at the top of the page. Mr. McKoon is listed with the State Corporations Division (sos.ga.gov) as CEO of the like-named private "GAGOP" corporation "Georgia Republican Party, Inc."[5] with assets. He states:

"... there is **no other Republican** group, party, individual or **entity** that has the authority to qualify candidates to run for office, per the Rules of the Georgia Republican Party."

What about the Corporate Rules of the Georgia Republican Party, Inc. under which he was apparently elected?

> RULES OF THE
>
> GEORGIA
>
> REPUBLICAN PARTY,
>
> INC.

The Camden letter makes no mention of the "Georgia Republican Party, Inc." which is the GA Title 14 ruled[6] and regulated corporation acting as the "State Republican Party." The text box at the bottom of the letter, however, clearly indicates that McKoon's letter was **"Paid for by the Georgia Republican Party, Inc."**

Under the authority of Mr. McKoon, Executive Director Travis Bowden, had also previously issued a February 14, 2024 Memorandum (Attachment B) directing that all fees for state and federal candidates <u>**be written to the Georgia**</u> <u>**Republican Party, Inc., a private corporate entity.**</u> Further, it asserts that

---

[5] https://ecorp.sos.ga.gov/BusinessSearch

[6]

https://gagop.org/wp-content/uploads/2021/04/Georgia-Republican-Party-Inc.-Rules-As-Adopted-June-17-2020-BJVver3.pdf

qualifying is through the "GAGOP," which is used as a corporate moniker at this time (Attachment C)[7]. The directive of the memorandum seems inconsistent with the directive of the Camden County letter.

## Excerpts from the Memorandum[8]:

your Government Issued Photo ID for verification. You must also bring the qualifying
fee in the form of a money order, a cashier's check, your campaign check, or your personal check made payable the "Georgia Republican Party, Inc." We cannot accept cash payments. **We urge you to pay by money order or certified check because if a**

**Make Checks Payable to:**

**Georgia Republican Party, Inc.**
**P.O. Box 550008**
**Atlanta, GA 30355**

**Based on the Memorandum from Executive Director Bowden, it appears that you, the county election superintendent, must also disburse your 25 percent fee-split payment to the Georgia Republican Party, Inc. Confirmation of this is incumbent upon you.**

Next, the guidance from the Republican apparatus appears to directly contradict the official state public notice for *Federal and State Qualifying Locations* (Attachment D).[9] It clearly states: "payable to the Georgia Republican Party," which is the formerly used member party entity that is not a known receiver of funds at this time.

**Republican Party**
206 Washington Street, Atlanta, GA 30334
**State Capitol Building, Room 216**

*What should I bring?*
• *Valid Photo ID*
• *Completed Declaration of Candidacy & Affidavit (recommended)*
• *Qualifying fee payable to Georgia Republican Party*

---

[7] Fulton County Superior Court 2021CV354612. Order of Senior Judge Alford J. Dempsey, Jr. of Fulton County Superior Court, Atlanta Judicial Circuit.

[8] https://gagop.org/wp-content/uploads/2024/02/Re-Updated.pdf

[9]
https://sos.ga.gov/sites/default/files/2024-03/Federal%20and%20State%20Candidate%20Qualifying%20Locations.V3.pdf

4

However, at qualifiers in Room 216 of the Atlanta Capitol, many candidates were told to write their checks to the "Georgia Republican Party." They were then, alarmingly, given documents stating that their "2024 Qualifying Fee Payment Information" was **"Paid for by the Georgia Republican Party, Inc."** (Attachment E).

**Finally, we urge you to be extremely cautious considering any potential repercussions and/or potential personal liability that you may incur by filing these documents into the public record.**[10] The problematic qualification documents include: a) Declarations of Candidacy and Affidavits, b) notarized attestations or affirmations of allegiance to a "political party," and c) fees entangled with corporation(s). However, GA Code 21-2-153(b)(1-4) and GA Code 21-2-131 mandates that all of these items be handled by or on behalf of lawfully registered, official state and local political party committees and officials.

We are sincerely concerned with the constitutional, civil rights, and/or voting implications of a private corporation appearing to interfere with our elections. This culminates with its requiring candidates to notarize affirmations or attestations of allegiance to what they claim is the "Georgia Republican Party." Any cloaked corporate agreements or contracts are not in Georgia's interest.

If compelled to dutifully inquire about these documented conditions that may be unequally protecting the citizens of your county and impacting your responsibilities under GA Code 21-2-70(13)(15), we encourage you to reach out to the Elections Division of the Georgia Secretary of State immediately.

<u>This will also ensure that the "pay to" entity that you provide to your county bursar complies with Georgia Election Law 21-2-131 mandating a "pay to" entity that must be a member and committee-based political party per GA Code 21-2-111(a,b).</u> This is entirely different from a non-member private corporation with a board of directors. Political parties and corporations do not appear to have any lawful way to "merge" under GA Law.

Please feel free to contact us with any questions or corrections to this information.

Very respectfully,

*Susan P. Oprasenth*
Susan P. Opraseuth (Fulton County)

*Sarah Thompson*
Sarah Thompson (Bulloch County)

Project Website: goreclaimga.org/home/

---

[10] GA Code 16-10-20 and 16-20-20.1

5

**From:**     Shannon Nettles
**To:**        Katie Bishop
**Subject:**   FW: Camden County Republican Party
**Date:**      Monday, March 4, 2024 10:26:20 AM

EXHIBIT 2-8 A

Shannon Nettles
Elections Supervisor
912-464-0652

**From:** travis@gagop.org <travis@gagop.org>
**Sent:** Friday, February 23, 2024 1:58 PM
**To:** Shannon Nettles <snettles@camdencountyga.gov>
**Subject:** RE: Camden County Republican Party

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

I'm glad we could assist you on this. Hopefully it will help to conclude the issue at your end.

Have a great weekend and please reach out to me immediately if more issues arise, but I hope that this will remove this issue from your plate.

Best wishes,

*Travis Bowden*

***Travis Bowden, CPCU, FLMI, CIE, MCM***
Executive Director,
Georgia Republican Party

**From:** Shannon Nettles <snettles@camdencountyga.gov>
**Sent:** Friday, February 23, 2024 10:44 AM
**To:** Karen Hentschel <karen@gagop.org>
**Cc:** Josh McKoon <josh@gagop.org>; Travis Bowden <travis@gagop.org>
**Subject:** RE: Camden County Republican Party

Thank you all so much for this.

Shannon Nettles
Elections Supervisor

EXHIBIT 2-8 B

Camden County, GA
912.464.0652

**From:** Karen Hentschel <karen@gagop.org>
**Sent:** Friday, February 23, 2024 9:13 AM
**To:** Shannon Nettles <snettles@camdencountyga.gov>
**Cc:** Josh McKoon <josh@gagop.org>; Travis Bowden <travis@gagop.org>
**Subject:** Camden County Republican Party

CAUTION: This email originated from outside your organization. Exercise caution when
opening attachments or clicking links, especially from unknown senders.

Dear Ms. Nettles,

Please find attached letter from Chairman McKoon regarding the Camden County Republican Party.

Please feel free to contact us if you have any questions.

Best regards,

Karen Hentschel

--
Karen Hentschel
Accounting Director
**Georgia Republican Party, Inc.**
P.O. Box 550008
Atlanta, GA 30355
(O) 404-257-5559
(F) 404-257-0779

EXHIBIT 2-8 C

**From:** Shannon Nettles
**To:** Katie Bishop
**Subject:** FW: Camden County Republican Party
**Date:** Monday, March 4, 2024 10:27:03 AM
**Attachments:** Camden BOE Letter.pdf

Shannon Nettles
Elections Supervisor
912-464-0652

**From:** Shannon Nettles
**Sent:** Friday, February 23, 2024 10:59 AM
**To:** DL CCBC COMMISSIONERS <DLCCBCCOMMISSIONERS@camdencountyga.gov>; Shawn Boatright
<sboatright@camdencountyga.gov>; Seth Collins <SCollins@camdencountyga.gov>
**Cc:** John S. Myers <countyattorney@camdencountyga.gov>; BoER District 5
<BoER.Dist5@camdencountyga.gov>
**Subject:** FW: Camden County Republican Party

Commissioners,

Please see the attached letter from Mr. Joshua McKoon, Chairman of
the Georgia Republican Party, that I received this morning. This letter
confirms that our local Camden County Republican Party will conduct
the upcoming qualifying for Republican Candidates beginning on March
4, 2024.

Thank you,
Shannon

**From:** Karen Hentschel <karen@gagop.org>
**Sent:** Friday, February 23, 2024 9:13 AM
**To:** Shannon Nettles <snettles@camdencountyga.gov>
**Cc:** Josh McKoon <josh@gagop.org>; Travis Bowden <travis@gagop.org>
**Subject:** Camden County Republican Party

CAUTION: This email originated from outside your organization. Exercise caution when
opening attachments or clicking links, especially from unknown senders.

Dear Ms. Nettles,

Please find attached letter from Chairman McKoon regarding the Camden County Republican Party.

EXHIBIT 2-8 D

Please feel free to contact us if you have any questions.

Best regards,

Karen Hentschel

--

Karen Hentschel
Accounting Director
**Georgia Republican Party, Inc.**
P.O. Box 550008
Atlanta, GA 30355
(O) 404-257-5559
(F) 404-257-0779

Joshua R. McKoon, Chairman EXHIBIT 2-8 E



*Via Email: snettles@camdencountyga.gov*

February 22, 2024

Camden Board of Elections
Ms. Shannon Nettles
200 E. 4th Street/P.O. Box 608
Woodbine, GA 31569

Dear Ms. Nettles,

Please be advised that the Camden County Republican Party is fully authorized by the Georgia Republican Party to qualify candidates to run for office.

The Camden County Republican Party is the only official and recognized Republican county party in Camden and there is no other Republican group, party, individual or entity that has the authority to qualify candidates to run for office, per the rules of the Georgia Republican Party.

Thank you for your time and attention to this matter.

Best wishes,

Joshua R. McKoon
Chairman
Georgia Republican Party

ATTACHMENT B:

## MEMORANDUM

**To: All Republican Candidates for State and Federal Offices**
**From: Travis Bowden, Executive Director**
**Date: February 14, 2024**
**Re: State and Federal Candidate Qualifying March 4th – 8th**

### REVISED UPDATE 2/20/24:

It has been brought to our attention by the Secretary of States office that the new qualifying software will not print out a Declaration of Candidacy and Affidavit. To prevent longer than normal lines and speed up the process, we ask each Candidate wishing to qualify to bring a completed and typed out Declaration of Candidacy and Affidavit when you arrive to qualify. So that all the forms are legible, we ask that you to use the online editable pdf version. Please make sure you click on the correct form below – Thank you.

Federal Candidates Click Here          State Candidates Click Here

 Republican candidate qualifying for state and federal offices will be held beginning at 9:00 a.m. on Monday, March 4, 2024 and continuing until noon on Friday, March 8, 2024 in the State Capitol.

This memo lists important things that you need to know about the qualifying procedures for state and federal office. This memo is intended merely to be a helpful reference guide, not an exhaustive summary of state law or the Party's rules. Each candidate is responsible for ensuring that he or she knows the applicable laws and rules for eligibility, qualifying, and holding public office.

Here are some instructions that will make qualifying a smooth process for you and the Party qualifying officials:

1. In accordance with state law, all state and federal candidates for a political party's nomination will qualify in the State Capitol. Qualifying for Republican candidates for state and federal office will take place in **Room 216 of the State Capitol**. Republican candidates for state or federal offices will not be qualified at any other location.

2. Qualifying begins at **9:00 a.m. on Monday, March 4** and ends at **NOON on Friday, March 8.** Daily operating hours will be 9:00 a.m. until 5:00 p.m. on Monday-Thursday. On Friday, qualifying begins at 9:00 a.m. and ends promptly at 12noon. In accordance with state law, no exceptions can be made, even for candidates who are only a minute late. In order to avoid any last minute problems, please make every effort to qualify before Friday.

1

3. If you intend to have an appointed agent complete the qualification process on your behalf, please notify Travis Bowden at the GAGOP at travis@gagop.org prior to qualifying week. If qualifying by an agent, the agent must come to qualifying in person and must bring (a) a properly completed Declaration of Candidacy and Affidavit, which has been signed by you before a notary public and is notarized, (b) the Republican Oath of Allegiance required by Party Rules, which has also been signed by you before a notary public and is notarized, and (c) the qualifying fee in the form of a money order, a cashier's check, your campaign check, or your personal check made payable to "Georgia Republican Party, Inc." If the affidavit and oath are not fully completed, not signed, not notarized or not dated by you or the agent is unable to pay the fee by money order, cashier's check, your personal check, or a campaign check, the Party cannot qualify you, so be sure your agent has the required, completed documents and payment in the correct amount and form. We urge you to pay by money order or certified check because if a check is returned, you will be disqualified.

4. If you plan to qualify in person (not through an agent), it is not necessary to complete the Declaration of Candidacy and Affidavit or Republican Oath of Allegiance in advance. Instead, when you arrive at the Capitol to qualify, all required information is collected from you and the affidavit will be completed electronically and printed for you to sign before a notary; the Party will provide the notary. At the bottom of this memo, you will find a list of all the information you will need in order to qualify. The oath will also be printed and ready for you to sign before the notary. You will be asked to present your Government Issued Photo ID for verification. You must also bring the qualifying fee in the form of a money order, a cashier's check, your campaign check, or your personal check made payable the "Georgia Republican Party, Inc." We cannot accept cash payments. We urge you to pay by money order or certified check because if a check is returned, you will be disqualified. If you come to the Capitol prepared with the required information and your payment, the process will be quick, easy, and efficient. If the affidavit and oath are not fully completed, not signed, not notarized, or not dated by you or you are unable to pay the fee by one of the forms of payment listed above, the Party cannot qualify you.

5. Please refer to the fee schedule for the amount of the qualifying fee for the particular state or federal office you are seeking.

For those qualifying in person, please come prepared with the following information:
• A Government Issued Photo ID

• Full Name (your last name must match the last name on your voter registration)
• How you want your name is to appear on the ballot – see the attached rule of the State Election Board regarding the appearance of the name on the ballot
• Residence Address (your street address – not a PO Box, although you may also list a PO Box if it is your mailing address)
• Precinct Name (as it appears on your voter card) NOTE: Make sure your precinct has

2

not changed. Many counties have redrawn precincts and the correct precinct name
must be specified on the qualifying form.

• Profession, business or occupation, if any
• Number of years you have resided in Georgia
• Number of years you have lived in your county
• Number of years you have lived in your district

In addition, if you wish to designate an email address, web site and/or a P.O. Box address or
separate address for public posting on the Secretary of State's website list of candidates, please
have that information ready at the time you qualify.

If you have any questions, please contact Travis Bowden at the State Party at travis@gagop.org.

You may also call the Elections Division of the Office of the Secretary of State at (404) 656-2871
or visit www.sos.ga.gov/elections.

The Secretary of State's office has published a helpful qualifying information and forms which
you can find at https://sos.ga.gov/candidate-qualifying-elected-office

## QUALIFYING FEES FOR
## STATE AND FEDERAL CANDIDATES
## FOR 2024 ELECTIONS IN GEORGIA

**Office Qualifying Fee**

United States Representative $ 5,220.00
State Senator $ 400.00
State Representative $ 400.00
Justice of the Supreme Court $ 5,583.36
Court of Appeals Judges $ 5,549.70
Superior Court Judges $ 4,073.71
District Attorney $ 3,884.19

**Make Checks Payable to:**

Georgia Republican Party, Inc.
P.O. Box 550008
Atlanta, GA 30355

3

9

ATTACHMENT C:

Fulton County Superior Court
***E-FILED***AC
Date: 9/29/2023 2:34 PM
Che Alexander, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

JOHN L. PADGETT

    *Plaintiff,*

v.

                     **CIVIL ACTION FILE**

                     NO: 2021CV354612

**GEORGIA REPUBLICAN PARTY, INC**

    *Defendant.*

### ORDER GRANTING SUMMARY JUDGMENT

This matter came before the Court on the Georgia Republican Party, Inc's (the "GAGOP") Motion for Summary Judgment. The Court heard oral arguments on August 22, 2023. Upon review of all the evidence presented, consideration of the oral arguments presented by counsel for each of the Parties, and review of the entire record of the case, the Court, for the reasons set forth below, hereby **GRANTS** the GAGOP's *Motion for Summary Judgment* in support of its counterclaim for breach of fiduciary duties against John L. Padgett ("Mr. Padgett").

### FINDINGS OF FACT

The Court makes the following findings of fact and conclusions of law. Mr. Padgett was elected Chairman of the Georgia Republican Pary in 2013. At the time of Mr. Padgett's election as Chairman, the public records of the Secretary of State reflect that the GAGOP was an unincorporated entity. On February 3, 2014, Mr. Padgett's personal executive assistant, Qiana Keith ("Ms. Keith") complained to her supervisor about the treatment she received, citing racial discrimination and offensive treatment she had allegedly endured while working under Mr. Padgett's administration (the "Racial Allegations"). Seven days after the "Racial Allegations," public records reflect that Mr. Padgett incorporated the GAGOP. Upon incorporating the GAGOP, Mr. Padgett also became the GAGOP's CEO and CFO.

Page 1 of 11

10

ATTACHMENT D:

## Office of the Secretary of State
## Elections Division



## Federal and State Candidate Qualifying Locations

### POLITICAL PARTY CANDIDATES

**Democratic Party**
206 Washington Street, Atlanta, GA 30334
**State Capitol Building, Room 230**

*What should I bring?*
- *Valid Photo ID*
- *Completed Declaration of Candidacy & Affidavit (recommended)*
- *Qualifying fee payable to Democratic Party of Georgia*

**Republican Party**
206 Washington Street, Atlanta, GA 30334
**State Capitol Building, Room 216**

*What should I bring?*
- *Valid Photo ID*
- *Completed Declaration of Candidacy & Affidavit (recommended)*
- *Qualifying fee payable to Georgia Republican Party*

*Money Order or Certified, Campaign, or Personal Check. No cash or credit/debit card payments accepted.*

*(Public entrance on Mitchell Street)*

### NONPARTISAN OFFICE CANDIDATES

**Elections Division**
Plaza Level
2 Martin Luther King Jr. Drive SE
Atlanta, GA 30334

**Professional Licensing Board**
237 Coliseum Drive
Macon, GA 31217

**South Georgia Office**
238 East Second Street
Tifton, GA 31794

### POLITICAL BODY CANDIDATES ONLY

**Elections Division**
Plaza Level
2 Martin Luther King Jr. Drive SE
Atlanta, GA 30334

Dates and time for qualifying:

| | |
|---|---|
| Monday, March 4, 2024 | 9:00 am to 5:00 pm |
| Tuesday, March 5, 2024 | 8:00 am to 5:00 pm |
| Wednesday, March 6, 2024 | 8:00 am to 5:00 pm |
| Thursday, March 7, 2024 | 8:00 am to 5:00 pm |
| Friday, March 8, 2024 | 8:00 am to 12:00 pm |

*Nonpartisan, Independent, and Political Body Candidates should bring:*
- *Valid Photo ID*
- *Completed Notice of Candidacy & Affidavit (recommended)*
- *Qualifying fee payable to Georgia Secretary of State*
*Money Order or Certified, Campaign, or Personal Check. No cash or credit/debit card payments accepted*

Elections Division
2 MLK Jr. Drive, Suite 802, Floyd West Tower | Atlanta, Georgia 30334
Phone: (404) 656-2871 | Email: Elections@sos.ga.gov

11

ATTACHMENT E:



2024 Qualifying Fee Payment Information

Please provide the following information for reporting purposes to the FEC & State Ethics.
We will not share the information below:

Only the Georgia Republian
Party Inc. Title 14 corporation reports
income to the FEC & State Ethics.

Those acting as agents for qualifying fee
payments for the Georgia Republican Party, Inc.
verbally asked many candidates at State
Qualifiers to write checks to the Title 21
"Georgia Republican Party."

It appears that there is an arrangment with Synovus
Bank to accept checks written to both entities
into the corporate account or some other deposit
scheme that is unclear to the public.

Per FEC reports, accounts for the Georgia Republican Party, Inc.
are held at Synovus Bank, Roswell, GA.

Paid for by the Georgia Republican Party, Inc.
Not authorized by any candidate or candidate's committee.
Post Office Box 550008 – Atlanta, Georgia 30355
404.257.5559 - WWW.GAGOP.ORG - 404.257.0779 (FAX)
Joshua R. McKoon, Chairman – Laurie L. McClain, Treasurer

12

**EXHIBIT 3-1**

# M Gmail

## RE: GASOS ORR #24-97

**ORR Administration** <openrecords@sos.ga.gov>
To: Sarah Thompson <sarahpatriot99@gmail.com>

Wed, Mar 20 at 9:08 AM

Good morning,

Please see the attached records responsive to your request.

Best,

Open Records Staff

**Georgia-Republican-Party-Inc.-**Rules-As-Adopted-June-17-2020-BJVver3.pdf, 6619403 (4).pdf, 26096864 (1).pdf

# RULES OF THE

# GEORGIA

# REPUBLICAN PARTY,

# INC.

I hereby certify that the
attached is a true and
correct copy of the Rules
of the Georgia Republican
Party, Inc. as adopted
on June 17, 2020.

_____
David Shafer, Chairman
Georgia Republican Party, Inc.

# Table of Contents

1. MEMBERSHIP AND PARTICIPATION ....................................................................... 1

    1.1    QUALIFICATIONS FOR PARTICIPATION IN PARTY ACTIONS ...................... 1

    1.2    PUBLICATION OF QUALIFICATIONS ....................................................... 1

2. STATE COMMITTEE ........................................................................................... 2

    2.1    STATE COMMITTEE ......................................................................... 2

    2.2    MEMBERS ...................................................................................... 2

3. STATE EXECUTIVE COMMITTEE ......................................................................... 4

    3.1    AUTHORITY .................................................................................... 4

    3.2    MEMBERSHIP .................................................................................. 4

4. MEETINGS OF THE COMMITTEES ....................................................................... 6

    4.1    NOTICE; FREQUENCY OF MEETINGS; MINUTES ................................... 6

    4.2    QUORUM ....................................................................................... 6

    4.3    FORM OF PROXY ............................................................................. 7

    4.4    VOTING OF PROXIES ....................................................................... 7

    4.5    ATTENDANCE AND VOTING BY ELECTRONIC MEANS .......................... 7

5. OFFICERS ........................................................................................................ 8

    5.1    DUTIES OF THE STATE CHAIRMAN ................................................... 8

    5.2    DUTIES OF THE VICE-CHAIRMEN ..................................................... 9

    5.3    DUTIES OF THE SECRETARY AND ASSISTANT SECRETARY ................... 9

    5.4    DUTIES OF THE TREASURER AND ASSISTANT TREASURER .................. 10

    5.5    DUTIES OF THE FINANCE CHAIRMAN ............................................... 10

    5.6    DUTIES OF THE PARLIAMENTARIAN .................................................. 10

    5.7    DUTIES OF THE GENERAL COUNSEL AND CHIEF DEPUTY
           GENERAL COUNSEL ....................................................................... 10

    5.8    DUTIES OF THE UNDER 80,000 AND OVER 80,000 CAUCUS CHAIRS ..... 11

    5.9    DUTIES OF OTHER OFFICERS ........................................................... 11

    5.10   TERM LIMITS ................................................................................. 11

6. COMMITTEES ................................................................................................. 12

    6.1    PERMANENT RULES COMMITTEE ..................................................... 12

    6.2    STATE FINANCE COMMITTEE .......................................................... 12

6.3     COMMITTEE ON APPEALS................................................................12

7. ELECTION AND REMOVAL OF OFFICERS AND COMMITTEE MEMBERS; PROCEDURE
   FOR FILLING VACANCIES ..................................................................13
   7.1     ELECTION OR APPOINTMENT OF CERTAIN OFFICERS, NATIONAL
           COMMITTEEMAN, NATIONAL COMMITTEEWOMAN AND
           NATIONAL CONVENTION DELEGATES AND ALTERNATES ......................13
   7.2     STATE PRIMARIES AUTHORIZED BY STATE CONVENTION OR
           STATE COMMITTEE .................................................................13
   7.3     ELECTION OF NATIONAL CONVENTION DELEGATES.................................14
   7.4     TERMS OF OFFICE ....................................................................16
   7.5     REMOVAL OF STATE OFFICERS.......................................................16
   7.6     RESTRICTIONS ON ENDORSEMENTS BY GRP OFFICIALS ............................17
   7.7     FILLING VACANCIES IN OFFICES ELECTED BY THE STATE
           CONVENTION .........................................................................17
   7.8     FILLING VACANCIES IN STATE COMMITTEE POSITIONS ELECTED
           BY DISTRICT CONVENTIONS.........................................................17
   7.9     CANDIDATES FOR THE ELECTORAL COLLEGE ......................................18

8. DISTRICT, COUNTY AND LOCAL ORGANIZATION ....................................18
   8.1     RESIDENCY REQUIREMENT ..........................................................18
   8.2     CONGRESSIONAL DISTRICT COMMITTEES, OFFICERS AND
           MEMBERS..............................................................................18
   8.3     CONGRESSIONAL REAPPORTIONMENT ..............................................18
   8.4     DUTIES OF DISTRICT COMMITTEE...................................................19
   8.5     ELECTION OF DISTRICT OFFICERS AND STATE COMMITTEE
           MEMBERS..............................................................................20
   8.6     DUTIES OF THE DISTRICT CHAIRMAN................................................21
   8.7     COUNTY COMMITTEES AND THEIR OFFICERS AND MEMBERS.................21
   8.8     DUTIES OF THE COUNTY COMMITTEES...............................................22
   8.9     ELECTION OF COUNTY OFFICERS AND MEMBERS OF THE
           COUNTY COMMITTEE .................................................................23
   8.10    DUTIES OF COUNTY CHAIRMAN.....................................................23
   8.11    PRECINCT COMMITTEEMEN...........................................................24

| | | |
|---|---|---:|
| 8.12 | REPUBLICAN MUNICIPAL EXECUTIVE COMMITTEE | 24 |
| 8.13 | NOTICE AND FREQUENCY OF MEETINGS | 24 |
| 8.14 | QUORUM | 24 |
| 8.15 | PROXIES | 24 |
| 8.16 | REMOVAL FROM OFFICE OF DISTRICT, COUNTY, AND PRECINCT OFFICERS AND COMMITTEEMEN | 25 |
| 8.17 | VACANCIES IN OFFICES OF DISTRICT, COUNTY, AND PRECINCT COMMITTEES | 25 |
| 9. | PRECINCT CAUCUSES AND CONVENTIONS | 25 |
| 9.1 | THE STATE CALL | 25 |
| 9.2 | HOLDING OF PRECINCT CAUCUSES AND COUNTY CONVENTIONS | 26 |
| 9.3 | HOLDING OF DISTRICT CONVENTIONS | 28 |
| 9.4 | PUBLICATION OF NOTICE OF PRECINCT CAUCUSES | 29 |
| 9.5 | ALLOCATION OF DELEGATES TO COUNTY CONVENTIONS | 29 |
| 9.6 | ALLOCATION OF DELEGATES TO DISTRICT AND STATE CONVENTIONS | 30 |
| 9.7 | REPORTS AND FILING OF CREDENTIALS | 31 |
| 9.8 | ADOPTION AND FILING OF COUNTY AND DISTRICT RULES | 32 |
| 9.9 | APPEALS RELATING TO PRECINCT CAUCUSES AND CONVENTIONS | 32 |
| 9.10 | GENERAL PROVISIONS RELATING TO PRECINCT CAUCUSES AND CONVENTIONS | 35 |
| 9.11 | STATE CONVENTION PROCEDURES | 36 |
| 9.12 | RULES OF ORDER | 37 |
| 9.13 | CONVENTION PROXIES | 37 |
| 9.14 | EMERGENCY CONVENTION PROCEDURES | 37 |
| 9.15 | ORGANIZATION OF VACANT PRECINCTS | 37 |
| 9.16 | ORGANIZATION OF UNORGANIZED COUNTIES | 38 |
| 10. | CONDUCT OF REPUBLICAN PRIMARIES | 38 |
| 10.1 | NOMINATION OF CANDIDATES AND SELECTION OF PARTY OFFICIALS | 38 |
| 10.2 | RULES FOR PRIMARIES | 38 |

        10.3    OATH OF AFFIRMATION OF CANDIDATES ........................................................39

11. MISCELLANEOUS RULES ......................................................................................... 39
        11.1    AMENDMENTS TO THESE RULES ...........................................................................39
        11.2    EFFECTIVE DATE OF THESE RULES........................................................................39
        11.3    RULES OF ORDER .....................................................................................................39

# RULES OF THE
# GEORGIA REPUBLICAN PARTY

## 1. MEMBERSHIP AND PARTICIPATION

**1.1   QUALIFICATIONS FOR PARTICIPATION IN PARTY ACTIONS**

All electors[1] who are in accord with the principles of the Republican Party, believe in its declaration of policy and are in agreement with its aims and purposes may participate as members of the Georgia Republican Party, Inc. (hereinafter "GRP") in its conventions or precinct caucuses. All chairmen[2] and members of committees, delegates to conventions and voters in precinct caucuses, provided for in these Rules, shall be members of the GRP and must be electors of the respective units which they represent as chairmen, members, delegates, or voters in precinct caucuses.

**1.2   PUBLICATION OF QUALIFICATIONS**

The qualifications and conditions for participation in the GRP shall be published in all official calls for precinct caucuses and conventions called pursuant to these Rules and pursuant to the Rules and Call of the Republican National Convention.

---

[1]  As defined by O.C.G.A. § 21-2-2(7).

[2] The terms, "Chairman" and "Vice-Chairman", and all other such terms used in these rules, except the terms "National Committeeman" and "National Committeewoman", shall be gender neutral so that a person of either gender may hold such office.

1        elected to that office.  As soon as an officer qualifies as a candidate for elected office as a

2        candidate of any political party other than the Republican Party, he shall be deemed to

3        have resigned all positions in the GRP.

4

5    **7.6    RESTRICTIONS ON ENDORSEMENTS BY GRP OFFICIALS**

6    Members of the State Executive Committee, the State Committee, GRP employees, appointed

7    GRP Officials, County Chairmen, members of any County Committee and members of any

8    District Committee shall not use their official title in any manner in connection with their support

9    of, any candidate for any public office in the State of Georgia in either a special election or for

10   the Republican nomination in a primary where there is at least one other announced Republican

11   candidate.

12

13   **7.7    FILLING VACANCIES IN OFFICES ELECTED BY THE STATE CONVENTION**

14   In the event of death, resignation, or removal from office of any elected State officer except State

15   Chairman, State Treasurer, and National Committeeman and National Committeewoman, the

16   State Executive Committee shall elect a successor by a majority vote of a quorum present.  In the

17   event of a vacancy in the position of State Chairman, the First Vice-Chairman shall

18   automatically serve as acting Chairman until the State Committee elects a State Chairman.  In the

19   event of a vacancy in the position of National Committeeman or Committeewoman, the State

20   Committee will elect a replacement.  In the event of a vacancy in the position of Treasurer, the

21   Assistant Treasurer shall automatically serve as acting Treasurer until the State Executive

22   Committee elects a State Treasurer. If any such vacancies are not filled within ninety (90) days

23   after those vacancies occur, the State Executive Committee may fill such vacancies by a majority

24   vote on its own motion.  All resignations are deemed to be effective upon notice.  No vote to

25   accept a resignation shall be required.

26

27   **7.8    FILLING VACANCIES IN STATE COMMITTEE POSITIONS ELECTED BY DISTRICT**

28   **CONVENTIONS**

29   In the event of the death, resignation, or extended failure to function of a State Committee

30   member elected by a District Convention, the District Executive Committee shall fill such

1  vacancy and shall notify the State Secretary at the GRP headquarters within five (5) days after

2  the election. If such vacancy is not filled within ninety (90) days after it occurs, the State

3  Executive Committee may fill such vacancy by a majority vote on its own motion.

4

5  **7.9    CANDIDATES FOR THE ELECTORAL COLLEGE**

6  The Republican nominees for the Electoral College shall be elected by the State Executive

7  Committee; provided, however, such election may be by primary if authorized by the State

8  Committee and certified to the Secretary of State as provided by law.

9

10  # 8. DISTRICT, COUNTY AND LOCAL ORGANIZATION

11  **8.1    RESIDENCY REQUIREMENT**

12  The Georgia Election Code refers to "Election Districts" as "Precincts." Only electors of the

13  Precinct, County, or Congressional District (as the case may be), may serve on the respective

14  committees described in this Section 8.

15

16  **8.2    CONGRESSIONAL DISTRICT COMMITTEES, OFFICERS AND MEMBERS**

17  There shall be a committee in each Congressional District officially known as the "_____

18  Congressional District Republican Committee" hereinafter the "District Committee." The

19  District Committee shall be composed of a District Chairman, a First Vice-Chairman, one or

20  more Vice-Chairmen, a Secretary, a Treasurer, State Committee members and such additional

21  officers and members as shall be provided in the District Rules.

22

23  **8.3    CONGRESSIONAL REAPPORTIONMENT**

24  When Congressional Districts are reapportioned, the officers and members of the Congressional

25  District Committees for the Congressional Districts which result from the Reapportionment shall

26  be determined as follows:

27    A. The highest ranking officer who, on the date the new Congressional District became

28       legally effective, was an officer of a Congressional District Committee and who is an

29       elector in the new Congressional District, shall serve as temporary presiding officer for

1    <mark>10.3    OATH OF AFFIRMATION OF CANDIDATES</mark>

2    Any candidate for elective office running as a Republican Party candidate shall submit to the

3    appropriate level <mark>of the Party</mark> the following oath affirming his or her allegiance <mark>to the party</mark> by

4    signing the following oath[3]:

5

6    I DO SWEAR OR AFFIRM MY ALLEGIANCE <mark>TO THE GEORGIA REPUBLICAN PARTY.</mark>

7                                    Signature of Candidate: _____

8                                    Date:          _____

9

10                          # 11. MISCELLANEOUS RULES

11   **11.1    AMENDMENTS TO THESE RULES**

12   These Rules may be amended at any State Convention of the GRP by a 2/3rds vote of a quorum

13   present or by the State Committee by a three-fourths (3/4) vote of a quorum present. If the Rules

14   are amended at a State Committee meeting, the meeting must be duly held after written notice

15   mailed, faxed, or sent by written electronic communication at least twelve (12) days prior to the

16   meeting to all members of the State Committee setting forth in detail the proposed amendments.

17

18   <mark>**11.2    EFFECTIVE DATE OF THESE RULES**</mark>

19   These Rules and any amendments thereto, shall become effective upon the filing of a copy of the

20   same, <mark>certified by the State Chairman</mark>, with the Georgia Secretary of State or upon such later date

21   as may be specified therein.

22

23   **11.3    RULES OF ORDER**

24   Roberts Rules of Order, Newly Revised shall be followed in <mark>all meetings of the GRP</mark>, including ,

25   without limitation, the State Committee and State Executive Committee, the District Committees

26   and District Executive Committees, and the County Committees and County Executive

27   Committees, unless modified by, respectively, these Rules, applicable County Party rules, or

---

[3] See O.C.G.A. § 21-2-153(b)(4).

1  applicable District Party rules; provided, however, that the provisions of Rule 9.12 shall govern

2  all Precinct Caucuses, County Conventions, District Conventions, and the State Convention.

3

4

5  David Shafer,                                    BJ Van Gundy,

6  Party Chairman                                   Chairman,

7                                                   2020 GA Convention Rules Committee

8

9

10

11

12

13  **History**

14  Amended and adopted on June 17, 2020

15  Amended and adopted on September 21, 2019.

16  Amended and adopted on May 16, 2019.

17  Amended and adopted on August 18, 2018.

18  Adopted on June 3, 2017.

19  Amended and adopted on March 28, 2015.

20  Amended and adopted on May 18, 2013.

21  On September 24, 2011, the State Committee adopted a temporary substitute to Rule 7.3 B for

22  the 2012 Presidential election cycle.

23  Adopted on May 14, 2011.

24  Amended and Adopted on April 2, 2011.

25  Amended and Adopted on May 16, 2009.

26  Amended and Adopted on May 19, 2007

27  As a new Rule 2.11 was adopted at the May 2007 Convention, Rules 2.13 and 2.14 referred to in the

28  note regarding amendments adopted on May 22, 1999, are now renumbered as Rules 2.14 and 2.15.

29  Amended and Adopted on May 7, 2005

30  Amended and Adopted on May 15, 2004

31  Amended and Adopted on May 15, 2003

32  Amended and Adopted on May 20, 2000

1    Amended and Adopted on May 22, 1999

2    The following amendments shall become effective at the convening of the State Convention in 2001:

3    2.2, 2.9, 2.13, 2.14 D, and related footnotes.

4    Amended and Adopted on May 18, 1997

5    Amended and Adopted on May 9, 1996

6

# STATE OF GEORGIA

## Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

**Amended Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 9/15/2023 9:51:52 AM

## BUSINESS INFORMATION

| | | |
|---|---|---|
| BUSINESS NAME | : | Georgia Republican Party, Inc. |
| CONTROL NUMBER | : | 14013271 |
| BUSINESS TYPE | : | Domestic Nonprofit Corporation |
| FILING TYPE | : | Amended Annual Registration |

## CURRENT INFORMATION ON FILE FOR PRINCIPAL ADDRESS, REGISTERED AGENT, AND OFFICERS

| | | |
|---|---|---|
| PRINCIPAL OFFICE ADDRESS | : | P. O. Box 550008, Atlanta, GA, 30355, USA |
| REGISTERED AGENT NAME | : | Alex Kaufman |
| REGISTERED OFFICE ADDRESS | : | 5805 State Bridge Rd, Suite G77, Johns Creek, GA, 30097, USA |
| REGISTERED OFFICE COUNTY | : | Fulton |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| Caroline Jeffords | Secretary | P. O. Box 550008, Atlanta, GA, 30355, USA |
| Joshua R McKoon | CEO | P. O. Box 550008, Atlanta, GA, 30355, USA |
| Laurie L McClain | CFO | P. O. Box 500008, Atlanta, GA, 30309, USA |

## CHANGES TO THE ABOVE CURRENT INFORMATION ARE INDICATED BELOW

| | | |
|---|---|---|
| PRINCIPAL OFFICE ADDRESS | : | P. O. Box 550008, Atlanta, GA, 30355, USA |
| REGISTERED AGENT NAME | : | Alex Kaufman |
| REGISTERED OFFICE ADDRESS | : | 120 Fowler Ave, Roswell, GA, 30075, USA |
| REGISTERED OFFICE COUNTY | : | Fulton |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| Caroline Jeffords | Secretary | P. O. Box 550008, Atlanta, GA, 30355, USA |
| Joshua R McKoon | CEO | P. O. Box 550008, Atlanta, GA, 30355, USA |
| Laurie L McClain | CFO | P. O. Box 500008, Atlanta, GA, 30309, USA |

After the above change(s) are made, the address of the entity's registered office and the business address of the

registered agent will be identical.

**AUTHORIZER INFORMATION**

**AUTHORIZER SIGNATURE**          : Karen Hentschel

**AUTHORIZER TITLE**              : Authorized Person

Secretary of State
Control No.: 14013271
Date Filed:2/10/2014 9:40:48 AM

# Articles of Incorporation

**The I ame of the Corporation:**
Georgia Republican Party, Inc.

**The corporation is organized pursuant to the Georgia I onprofit Corporation Code.**

**The Principal Place of Business:**
P.O. Box 550008
Atlanta, Georgia 30355

**Registered Agent's I ame and Address:**
Anne W Lewis
1170 Peachtree St NE
Ste 2200
Atlanta, Georgia 30309-7200, Fulton County

**Effective Date:** February 07, 2014

**Optional Provisions:**

(a) The affairs of the Corporation shall be managed by a Board of Directors. The initial Board of Directors shall consist of one person whose name is John Padgett and whose address is P.O. Box 550008, Atlanta, GA 30355. The Board of Directors shall exercise all of the powers of the Corporation, including the adoption and amendment of the Bylaws of the Corporation. The number, qualifications, terms of office, and manner of selection of members of the Board of Directors shall be as set forth in the Bylaws of the Corporation.

(b) No person who is serving or has served as a member of the Board of Directors shall have any liability to the Corporation for monetary damages for any action taken, or any failure to take any action, as a member of the Board of Directors, except liability:

(i) for any appropriation, in violation of his or her duties, of any business opportunity of the Corporation;

(ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law;

(iii) for the types of liability set forth in Sections 14-3-860 through 14-3-864 of the Georgia Nonprofit Corporation Code; or

(iv) for any transaction from which such person derived an improper personal benefit.

The limitation of liability conferred in this Article shall be in addition to and not in lieu of all other limitations, immunities, and indemnities conferred by law, these Articles, and the Bylaws of the Corporation.

PURPOSE.
The Corporation is organized and shall be operated to conduct and carry on the not for profit work of the Corporation exclusively as a political organization in a manner consistent with section 527 of the Internal Revenue Code of 1986 (the "Code") and any Treasury Regulations promulgated thereunder and for such related purposes as may be permitted to corporations which are organized under the Georgia Nonprofit Corporation Code and which are described in the aforesaid provision of the Code.

NO PRIVATE INUREMENT.
No part of the net earnings of the Corporation or its assets upon dissolution shall inure to the benefit of or be distributable to its directors, officers, or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth above. Notwithstanding any other provision of these Articles, the Corporation shall not carry on any other activities not permitted to be carried on by a corporation exempt from Federal income tax under Section 527 of the Code.

AMENDMENT.
These Articles of Incorporation may be altered, amended or repealed as specified in the Bylaws of the Corporation.

**Incorporator(s):**
Anne W Lewis
1170 Peachtree St NE
Ste 2200
Atlanta, Georgia 30309-7200

**The Coproration will not have members.**

A person who signs a document which he or she knows is false in any material respect with the intent that the document be delivered to the Secretary of State for filing shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished to the highest degree permissible by law. [O.C.G.A. § 14-2-129.]

IN WITNESS WHEREOF, the undersigned has executed these Articles of Incorporation on the date set forth below:
Signed by: Anne W Lewis Attorney-in-Fact

Date: February 10, 2014

Control No.: 14013271

# STATE OF GEORGIA

**Secretary of State**

Corporations Division

313 West Tower

#2 Martin Luther King, Jr. Dr.

Atlanta, Georgia 30334-1530

# CERTIFICATE OF II̦ CORPORATIOI̦

I, **Brian P. Kemp,** The Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Georgia Republican Party, Inc.**
a Domestic Non-Profit Corporation

is hereby issued a CERTIFICATE OF INCORPORATION under the laws of the State of Georgia on **February 07, 2014** by the filing of all documents in the Office of the Secretary of State and by the paying of all fees as provided by Title 14 of the Official Code of Georgia Annotated.

**WITI̦ ESS** my hand and official seal in the City of Atlanta and the State of Georgia on February 10, 2014



Brian P. Kemp
Secretary of State

Tracking #: rJmn6d6M

🔥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CATOOSA COUNTY, GEORGIA
**EXHIBIT 5**
**SUCV2024000211**

MAR 06, 2024 05:01 PM

Tracy Brown, Clerk
Catoosa County, Georgia

IN THE SUPERIOR COURT OF CATOOSA COUNTY
STATE OF GEORGIA

JEFFREY K. LONG

               Petitioner

        *v.*

CATOOSA COUNTY REPUBLICAN
PARTY, AN UNINCORPORATED
ASSOCIATION; BETH CASS; RUTH
FANT; SHERRE BALES; JOANNA
HILDRETH; MARIE MOORE;
DEBBIE MORRISON; JANE DOE
AND JOHN DOE UNNAMED
ADDITIONAL MEMBERS OF THE
CATOOSA COUNTY REPUBLICAN PARTY
               Respondents

Civil Action No.
SUCV2024000211

## VERIFIED ANSWER

Comes now named Respondents, by special appearance, waiving no defenses, and explicitly preserving and asserting all of them, including but not limited to notice, service of process, sufficiency of process, or any other defense allowed under the Federal or State Constitutions, or the Civil Practice Act and State Law and state the following legal defenses and answer:

## CONSTITUTIONAL DEFENSE

The petition requests relief directly in violation of the First Amendment to the United States Constitution by attempting to force the Catoosa County Republican Party and a number of its members to associate with and falsely advertise to the public that Petitioner is a Republican candidate for office.

EXHIBIT 5

*California Democratic Party v. Jones*, 530 U.S. 567, 587, 120 S. Ct. 2402, 2414–15, 147 L. Ed. 2d 502 (2000).

## FAILURE TO STATE A CLAIM

The petition fails to state a claim against one or more Respondents upon which relief can be granted.

## INSUFFICIENT PROCESS

The petition has not been properly served upon one or more Respondents.

## FAILURE TO SATISFY CONDITION PRECEDENT

Petitioner has not complied with O.C.G.A. § 21-2-153, including but not limited to the procedural rules of the party, and therefore are not entitled under the law to qualification. "[T]he entire burden is placed upon [the candidate] to affirmatively establish his eligibility for office." Haynes v. Wells, 273 Ga. 106, 109, 538 S.E.2d 430, 433 (2000).

## LACHES

Laches bars the Plaintiff's claims.

## RESPONDING TO ALLEGATIONS IN THE PETITION

Respondents answer the sentences of the complaint as follows:

1. Can neither admit nor deny, as Respondents do not know if Petitioner has complied with the legal requirements to run as a candidate for office with any political party, body, or to run as an independent candidate.

2. Respondent is organized pursuant to Title 21 of the Georgia code, and organized pursuant to O.C.G.A. § 21-2-111 and subject to service objections, Respondents deny all other provisions of this paragraph.

3. Admitted, subject to service objections.

4. Admitted, subject to service objections.

5. Admitted, subject to service objections.

6. Admitted, subject to service objections.

7. Admitted, subject to service objections.

8. Admitted, subject to service objections.

9. Admitted.

10. Respondent can neither admit or deny the person(s) Petitioner is attempting to identify.

11. Denied, as Respondents filed updated party rules with the election superintendent of Catoosa County on February 1, 2024, putting all person(s) on notice of the procedural rules.[1] No rule requiring an interview exists.

12. Admitted solely that Petitioner met with the Respondent, but denied that it was required by the rules.

---

[1] See Exhibit A, a true and correct copy of the Catoosa County Republican Party Rules on file with the election superintendent of Catoosa County

EXHIBIT 5

13. Denied, Petitioner was told that if he was approved to qualify as a Republican pursuant to party rules, he would be notified by 5:00 PM on March 1, 2024. He was not approved, so he received no notification.

14. Admitted.

15. Admitted.

16. Denied that Petitioner has a right to qualify, as Petitioner has failed to comply with the party rules, did not satisfy the statutory qualification criteria, and the Republican Party has a First Amendment right to freedom to associate or not associate as they choose.

17. Denied. The rules have been and still are on file with the Election Superintendent of the County, and were filed as of February 1, 2024.

18. Denied.

19. Denied that Petitioner has a right to qualify, as Petitioner has failed to comply with the party rules or satisfy the statutory criteria and the Republican Party has a First Amendment right to freedom to associate or not associate as they choose.

20. Denied.

21. Denied, as Petitioner does not satisfy the statutory criteria for political party qualification, and does not have a right to associate with an "unwilling partner", in this case, the Catoosa County Republican Party. Petitioner is capable of running for office through any other political party, body, or as an independent.

22. Denied that Petitioner's notice was sufficient or that the reasons were justified based on due process considerations.

EXHIBIT 5

23. Denied, insofar that Respondents' constitutional right of association, and damages tied to false association with Petitioner, would be irreparable harm to Respondents.

24. Denied, as Respondents' conduct is not only fully constitutionally protected, but also in compliance with state law, and Respondents cannot be forced to associate with candidates who are not Republican.

25. Denied.

Respondents deny all other provisions and claims not otherwise specifically admitted herein, and respectfully request that this claim be dismissed, with all costs and attorney fees cast upon the Petitioners.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643
Attorney for Defendant
Catherine Bernard
Georgia Bar No. 505124

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA 30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law

/s/ David E, Oles (by Jordan Johnson, with
express permission)
David E. Oles
Georgia Bar No. 551544
Attorneys for Respondents

5755 North Point Parkway
Ste 25

EXHIBIT 5

Alpharetta, GA 30022

EXHIBIT 5

## VERIFICATION

Personally appeared before the undersigned officer duly authorized by law to administer oaths, Joanna Hildreth, who deposes and states under oath that the facts contained in the within and foregoing pleading are true to the best of his/her knowledge, information, and belief.

Joanna Hildreth, on behalf of
the Catoosa County Republican
Party

Sworn to and subscribed before me
This 6th day of March, 2024.

Notary Public

my commission exp: 1/28/2028



Personally appeared before the undersigned officer duly authorized by law to administer oaths, Joanna Hildreth, who deposes and states under oath that the facts contained in the within and foregoing pleading are true to the best of his/her knowledge, information, and belief.

Joanna Hildreth

Sworn to and subscribed before me
This 6th day of March, 2024.

Notary Public

my commission exp: 1/28/2028

Page 7 of 8

EXHIBIT 5

## IN THE SUPERIOR COURT OF CATOOSA COUNTY
## STATE OF GEORGIA

JEFFREY K. LONG

            Petitioner

      *v.*

CATOOSA COUNTY REPUBLICAN
PARTY, AN UNINCORPORATED
ASSOCIATION; BETH CASS; RUTH
FANT; SHERRE BALES; JOANNA
HILDRETH; MARIE MOORE;
DEBBIE MORRISON; JANE DOE
AND JOHN DOE UNNAMED
ADDITIONAL MEMBERS OF THE
CATOOSA COUNTY REPUBLICAN PARTY
               Respondents

Civil Action No.
SUCV2024000211

### CERTIFICATE OF SERVICE

I have served this VERIFIED Answer on every party by electronic e-file service

to Petitioners' Counsel.

Dated March 6, 2024.

               /s/ Jordan Johnson
               Jordan Johnson
               Georgia State Bar No. 673643
               Attorney for Defendant

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA 30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law

Page 8 of 8

EXHIBIT 5

# EXHIBIT A



EXHIBIT 5
Rec'd Catoosa County
FEB 0 1 2024
Elections & Registr........

# CATOOSA COUNTY REPUBLICAN PARTY 2023-2025 RULES

## ARTICLE I

### SECTION I : QUALIFICATIONS FOR PARTICIPATION IN PARTY AFFAIRS

Membership in the Catoosa County Republican Party is open to all qualified voters under the laws of the State of Georgia who are in accord with the principles of the Republican Party, believe in the declaration of policy and are in sympathy with its aims and purposes, and who are residents of Catoosa County. Any person thus eligible shall be admitted to membership in the Republican Party of Catoosa County upon submission of a membership application and payment of annual dues in amounts to be recommended by Catoosa County Republican Executive Committee and approved by the Catoosa County Republican Committee. Membership shall be based on a 12-month period beginning upon payment of member dues and ending at midnight on the anniversary date. In order to participate in meetings of the Catoosa County Republican Committee and meetings of the Catoosa County Republican Executive Committee, a member must be placed on such boards by procedural due process contained in Article II, Sections IV, V and VI, and furthermore the person must remain a registered voter in Catoosa County. Catoosa County Republican Committee members and Catoosa County Republican Executive Committee members must be dues-paying members of the Catoosa County Republican Party. Precinct chairmen and Executive Committee officers elected at a Precinct Caucus or County Convention must become dues-paying members before the first Catoosa County Republican Committee meeting held after their election. Visitors are always welcome at general meetings.

EXHIBIT 5

Membership dues are not required to participate in Catoosa County Republican Party Precinct Caucuses or County Conventions. All qualified voters under the laws of the State of Georgia who are in accord with the principles of the Republican Party, believe in the declaration of policy and are in sympathy with its aims and purposes, and who are residents of Catoosa County, may participate in the Catoosa County Republican Party Conventions or Precinct Caucuses in the respective jurisdictions.

## SECTION II: PUBLICATIONS OF QUALIFICATIONS FOR PRECINCT CAUCUSES AND COUNTY CONVENTIONS

The qualifications for participation in Catoosa county Republican Party Conventions or Precinct Caucuses shall be published in all official Calls for such meetings, as stated herein, and as may be hereafter prescribed by the State Committee, and pursuant to the rules of the Republican National Committee.

## SECTION III: PURPOSE OF PARTY

### 1. Electing Republican Candidates

In accordance with the rules of the 14 District Republican Party of Georgia, the Catoosa County Republican Party shall provide support in electing the Republican nominee for all National, Statewide, Districtwide, Countywide, and local elections taking place within the boundaries of Catoosa County.

### 2. Candidate Signature of Republican Oath

Any candidate who wishes to qualify as a Republican in Catoosa County must sign the following oath: "I do hereby swear or affirm my allegiance to the Georgia Republican Party."

EXHIBIT 5

## 3. Supporting Republican Candidates During the Primary

County Committee members shall not use their official title in any manner in connection with their support of any candidate for any public office in the State of Georgia in either a special election or for the Republican nomination in a primary where there is at least one other announced Republican candidate.

This section shall not stop any member of the committee from personally supporting a particular Republican candidate in a contested primary, but he/she shall not do so using his or her official Republican Party title. This rule shall not conflict with any District or State prohibition on county officers working on political campaigns and those rules shall govern if the officer must resign his position within the Catoosa County Republican Party.

Anything in this section shall not prohibit duly qualified Republican candidates from having access to resources of the Catoosa County Republican Party such as voter's lists and access to meetings. The Catoosa County Republican Party is not obligated to provide any of the aforementioned resources unless requested by the candidate or representative of the qualified candidate, but the Catoosa County Republican Party shall use all attempts to ensure once provided, equal access and resources are given to all qualified Republican Candidates.

## SECTION IV: CANDIDATE QUALIFICATION PROCEDURAL RULES

1 The Catoosa County Republican Party, pursuant to O.C.G.A. § 21-2-153, shall be the exclusive body to conduct qualifying for a Republican primary in Catoosa County or, more broadly, for seeking office as a publicly elected official as a Republican in Catoosa County.

2 In order to qualify for office as a Republican, a potential candidate must be approved by the Catoosa County Republican Party County Committee by a majority vote within twelve (12) months prior to the date he or she attempts to qualify.

3 In order to qualify for office as a Republican in Catoosa County, a potential candidate

must present, at the time of qualifying, a signed and notarized affidavit from the Catoosa County Republican Party Chairman or Secretary, stating the date and location of the meeting that the Catoosa County Republican Party County Committee voted to allow the proposed candidate to qualify for office as a Republican.

4 Any Catoosa County Republican Party officer, volunteer, committee member, or employee who takes any step toward qualifying someone not approved to do so by a majority vote of the Catoosa Republican Party County Committee or assists them in doing so through action or inaction, shall be deemed to have automatically and immediately resigned from the Catoosa GOP, and their actions shall be considered void and without authority.

5 These rules shall be included in the published notification for candidate qualifying.

## ARTICLE II

## SECTION I: COUNTY COMMITTEE

1 There shall be a committee officially known as the "Catoosa County Republican Committee" hereinafter designated as the "County Committee," which shall be the governing body of the Catoosa County Republican Party and shall act as the Republican Party of and for Catoosa County in the interim between County Conventions.

2 There shall be an "Executive Committee of the County Committee" which shall hold the power to transact the administrative business of the Catoosa County Republican Party pursuant to these Rules and the direction of the County Committee. This Committee shall consist of the Officers, in Section 2 of this Article.

## SECTION II: MEMBERSHIP OF THE COUNTY COMMITTEE

The County Committee shall consist of the following officers and members:

EXHIBIT 5

**OFFICERS**

1 The Chairman of the Catoosa County Republican Party who shall be the chairman of the  Catoosa County Committee

2 First Vice-Chairman of the Catoosa County Republican Party

3 Second Vice-Chairman of the Catoosa County Republican Party

4 Third Vice-Chairman of the Catoosa County Republican Party

5 Secretary of the Catoosa County Republican Party

6 Treasurer of the Catoosa County Republican Party

**MEMBERS**

1 The Officers designated above

2 Parliamentarian (appointed by current Chairman)

3 Sergeant At Arms (appointed by current Chairman)

4 Communications Director (appointed by current Chairman)

5 Precinct Chairmen from all Precincts which have been organized by the governing election  board of Catoosa County. As of the passage of these rules are: Boynton Precinct; Chambers  Precinct; Ft. Oglethorpe Precinct; Catoosa-Keith Precinct; Lakeview Precinct; Poplar Springs Precinct; Westside Precinct; Ringgold Precinct; Woodstation  Precinct; Graysville Precinct; and Blackstock Precinct.

### SECTION III : MEMBERSHIP OF THE EXECUTIVE COMMITTEE

The Executive Committee shall consist of all the Officers designated in Article II,

EXHIBIT 5

Section II

## SECTION IV: ELECTION OF OFFICERS AND MEMBERS OF THE COUNTY COMMITTEE

1 The officers of the Catoosa County Republican Committee shall be elected by a simple majority of the Delegates to the County Convention. Precinct Chairmen shall be elected by a majority of the participants in attendance at the Precinct Mass Meeting, or shall be selected as provided for below in Article II, Section V.

2 The Officers of the Catoosa County Republican Committee and the Precinct Chairmen shall hold office for (2) years and until their successors are qualified and duly elected, unless unable to perform their duties, no longer qualify for membership, resignation, or sooner removed from office in accordance with these Rules.

3 No person shall ever hold more than (1) vote at a Precinct Mass Meeting, and/or at the County Convention. No person shall ever hold more than (1) vote at a Catoosa County Party meeting unless aided by a proxy in accordance with these Rules.

### SECTION V: PRECINCT CHAIRMEN

In the event a Precinct was not organized at the time of the Precinct Mass Meeting held prior to the County Convention or its Chairman leave office per Article II, Section IV, paragraph 2; the County Chairman may appoint a Chairman for that Precinct until the next County Committee meeting where an election shall be held and the winner shall be declared by a simple majority vote. The written notice of such meeting shall disclose the purpose of the meeting.

### SECTION VI: VACANCIES

In the event of death, resignation, or removal of any officer or member according to

EXHIBIT 5

Article II, Section VII, the County Committee shall fill such vacancy by a simple majority vote at any properly constituted meeting of said County Committee within sixty (60) days of the occurrence of such vacancy. The First Vice-Chairman shall immediately fill the office of Chairman. Other offices may be temporarily filled by appointment by the Chairman, until the next regularly scheduled meeting. The written notice of such meeting shall disclose the existence of such vacancy and the purpose of the meeting to fill such vacancy by a simple majority vote.

## SECTION VII: REMOVAL OF OFFICERS AND MEMBERS

1 Any Officer or Member may be removed from office for cause by the County Committee subject to the same terms and conditions as prescribed in Rule 6 of the State Rules for removal of Officers and Members of the State Committee. (Or subsequent rule) A 2/3 (two thirds) vote of the county committee is required for removal unless State, District, or these rules call for an immediate removal from office.

2 Members shall automatically lose their Committee membership if they miss three (3) consecutive meetings without sending a proxy and shall be notified of such by the County Secretary.

3 Anyone removed from office shall not hold any position in the Catoosa County Republican Party for a period of one (1) year.

## SECTION VIII: MEETINGS OF THE COUNTY COMMITTEE AND THE EXECUTIVE COMMITTEE

1 Official meetings of the County Committee and the County Executive Committee shall be held on notification not less than ten (10) days prior to the meeting on the call of the Chairman or the call of one-third (1/3) of the members thereof. A majority of the voting members of the (respective) Committee in person or by proxy shall constitute a quorum for the transaction of business.

EXHIBIT 5

2 When a Local, State or National emergency is declared by the appropriate government official, the Georgia Election Code or the Rules of the Republican National Committee, or other immediate and urgent situation shall require action by the County Committee or the County Executive Committee in a time frame shorter that the notice period specified in Article II, Section VIII(1), the County Committee or County Executive Committee, as the case may be, shall be authorized to suspend the time period for notice or a meeting required under Article II, Section VIII(1) upon a two-thirds vote.

3 Attendance at a meeting of the State Committee or State Executive Committee by a member shall constitute a waiver by that person of any notice required for such meeting.

4 The County Executive Committee shall meet at least once every calendar quarter. The County Committee shall meet at least twice a year.

5 Written minutes of all business transacted at the County Committee meetings and County Executive Committee meetings shall be mailed or emailed upon request to every Member of the County Committee within ten (10) days after each meeting.

6 Notification used within this section shall be done via any of these methods;

a. Mailed via United States Post Office (post mark shall be considered date of notification)

b. Emailed to the email address provided by Committee Officer or Member (Date email is sent shall be considered date of notification)

c. Text (or equivalent) message sent to the number of record for the Committee Officer or Member, however, Text message notification shall not be permitted unless ALL members of that particular group have the ability to receive text messages. The Secretary shall ensure the ability of members to receive text messages once a member takes his/her position as a member.

EXHIBIT 5

**SECTION IX: PROXIES**

The members of the County Committee may be represented in all official matters by proxies, subject to the condition that any officer or member may direct his or her proxy only to another member of the County Committee and no committee member may vote more than two (2) proxies at a meeting. At meetings of the County Executive Committee, proxies may be directed only to another member of the Executive Committee. Proxies may only be cast on behalf of committee members who attended one of the previous (2) meetings.

**SECTION X: ATTENDANCE AND VOTING BY ELECTRONIC MEANS**

1. Meetings of the County Committee and the County Executive Committee may be attended in person, by proxy as provided in Article II, Section IX, or by audio or video conference call.

2. Except as to votes requiring a secret ballot, any action required or permitted to be taken by the County committee or the County Executive Committee may be taken without a meeting by written consent as follows:

   a. The action must be evidenced by one or more consents in writing or by electronic transmission describing the action taken, signed (including electronically) by no fewer than the required number of Committee members, and delivered to the Catoosa County Republican Party Secretary.

   b. Action taken by written consent shall be effective when the last Committee member required for approval signs and delivers the consent, unless the consent specifies a different effective date.

   c. The Secretary of the Catoosa County Republican Party shall report to the members of the applicable Committee, the results of any matter as to which action is proposed to be taken by consent within eight (8) business days of submission to the Committee Members.

   d. A consent signed and delivered by a Committee Member has the same force and effect as a vote cast by a Member at a meeting.

EXHIBIT 5

3. Votes cast and taken by audio or video conference call shall be taken pursuant to roll call vote, which roll call may be conducted electronically.

**ARTICLE III**

## SECTION I: DUTIES OF THE COUNTY COMMITTEE AND THE COUNTY EXECUTIVE COMMITTEE

1 The County Committee shall, in the interim between County Conventions, be vested with all the duties, powers, and privileges possessed by the County Convention and shall act for the Catoosa County Republican Party during such periods.

2 The County Committee shall call all County Conventions and Mass Meetings and the time and place for said meetings, and fix the basis of representation by delegates to the County Conventions in accordance with State GOP rules. The County Committee shall also call all primaries in accordance with State GOP rules as well as state and local laws.

3 Calls for County Conventions shall state the purpose of the convention, as well as the time and place of such convention, and shall notify each Precinct Chairman of the number of delegates and alternates to which each Precinct is entitled.

4 The County Committee shall cooperate with the State Committee and the GOP 14th District Committee in conducting all elections within the County.

5 The County Committee shall decide all controversies and contests within its jurisdiction, with the right of appeal to the District Committee. Appeals shall be taken to the District Committee within thirty (30) days after the decision appealed from by petition signed by at least twenty-five (25) qualified Republican voters of the Political unit affected.

EXHIBIT 5

6 The Executive Committee shall have the power to transact the administrative business and  policy of the County Committee, and make recommendations to the County Committee for its  consideration. Purchases may be made without calling an Executive Committee meeting so long as (1) at least two executive committee members agree to each purchase and have documentation of that agreement; (2) at least one of the two Executive Committee members agreeing to the purchase is either the Chairman or the Treasurer; and (3) the total amount spent does not exceed $500 within a thirty-day period.

7 The County Committee may alter its Rules or Platform with the following provisions: Notice of the change shall be mailed or emailed to each County Committee Member ten (10) days before a meeting.  The rules may be amended by the County Committee by a 2/3rds (two-thirds) vote of a quorum present. Upon a vote to change the rule or platform, it shall be passed and the rule(s) or platform will have been changed, and must be filed with the county authority responsible for keeping the party rules on file.

## SECTION II: DUTIES OF THE COUNTY CHAIRMAN

The County Chairman shall be the Chief Executive Officer and spokesman of the Catoosa County Republican Party and shall perform the duties required by these Rules, the County  Convention, the County Committee and the County Executive Committee. He or she shall issue  calls for the County Conventions at least ten (10) days prior thereto, and shall preside until a  temporary organization is elected. The County Chairman shall convene the County Committee  when the needs of the Party may so demand, and shall preside at all meetings of said  committee. He or she shall also appoint interim convention committees prior to the County  Conventions, and shall provide for the timely distribution of all Convention related notices  required by these Rules and the Rules of the Republican Party of Georgia. He or she shall  ensure that the process of elections are monitored and protected by appointing poll watchers as  available to all elections of a partisan nature in the county.

## SECTION III: DUTIES OF THE FIRST VICE-CHAIRMAN

EXHIBIT 5

The First Vice-Chairman shall act for the County Chairman in his or her absence. He or she  shall perform such other duties as may be prescribed by the County Committee or the County  Chairman.

## SECTION IV: DUTIES OF THE SECOND VICE-CHAIRMAN

The Second Vice-Chairman shall act for the First Vice-Chairman in his or her absence. He or  she shall perform such other duties as may be prescribed by the County Committee or the  County Chairman.

## SECTION V: DUTIES OF THE THIRD VICE-CHAIRMAN

The Third Vice-Chairman shall act for the Second Vice-Chairman in his or her absence. He or  she shall perform such other duties as may be prescribed by the County Committee or the  County Chairman.

## SECTION VI: DUTIES OF PRECINCT CHAIRMEN

Precinct Chairmen shall assist in selecting poll watchers for each election, compile lists of  volunteers to work in the Precinct and cooperate with the Chairman and Vice-Chairman in   promoting interest in the Republican Party its platform, and it Candidates within the Precinct.

## SECTION VII: DUTIES OF THE COUNTY SECRETARY

The Secretary shall take minutes of the County Committee meetings and County Executive  Committee meetings and shall be the custodian of all records, which are the property of the  County Committee. The County Secretary shall also serve as secretary to all County  Conventions until temporary organization of the convention is completed. He or she shall  perform such other duties as may be prescribed by the County Committee or Chairman.

EXHIBIT 5

## SECTION VIII: DUTIES OF THE COUNTY TREASURER

The Treasurer shall be custodian of the County party funds and shall deposit said funds in a bank selected by the County Executive Committee, which funds may be drawn against as prescribed by the Executive Committee. The Treasurer will also make a Treasurers Report to the County Committee at each and every meeting, and prepare and submit at any and all times when requested by the Chairman.

## ARTICLE IV

## SECTION I : COUNTY CONVENTIONS

There shall be held during each odd numbered year a County Convention for the purpose of reorganizing the Republican party of Catoosa County and for the purpose of transacting all necessary and proper business of the Party pertaining to the jurisdiction of the Convention, including the election of Officers and election of Delegates and Alternates to the Fourteenth Congressional District and State Conventions

## SECTION II : CONVENTION BUSINESS DURING COMMITTEE MEETINGS

No official business shall be transacted at any Convention while any of its committees are in session.

## SECTION III: REPRESENTATION AT COUNTY CONVENTIONS

Representation at County Conventions shall be in accordance with Rule 4.3 of the State Rules, or its Successor Rule.

EXHIBIT 5

**SECTION IV: RULES AND ORDER OF BUSINESS**

The County Committee shall prepare the Rules and Order of Business    for the
conduct of each  County Convention in advance thereof

**SECTION V: ELECTIONS OF OFFICERS**

The election of Officers (see Article II, Section II) shall be conducted in the following
manner:

1 The entire report of the Nominating Committee shall be made.

2 The Nominating Committee shall present all their nominations of Officers of the
County  Committee as a single slate.

3 Nominations shall be accepted from the floor for specific positions.

4 For positions wherein there is no challenge from the floor, the Nominating
Committee's  unchallenged nominees may be accepted or rejected as a slate.

5 For contested positions, individual elections of the Officers shall be conducted.

6 If more than two candidates are nominated for the same position and no candidate
receives a   majority of the votes cast, there shall be a run-off election between the two
candidates receiving  the largest number of votes.

7 In each contested election for an Officer, speeches shall be permitted, but
limited in the  following manner:

a. A total of (5) minutes shall be allotted to each nominee.
b. A maximum of (2) persons shall speak on behalf of each nominee, with each
such  speech being limited to (1) minute.

EXHIBIT 5

## SECTION VI: ELECTION OF DELEGATES AND ALTERNATES TO DISTRICT AND STATE CONVENTIONS

1 The entire report of the Nominating Committee shall be made.

2 The Nominating Committee shall present all Delegates and Alternates to the District Convention as a single slate. After electing Delegates and Alternates to the District Convention, per the rules contained herein, the Nominating Committee shall present all Delegates and Alternates to the State Convention as a single slate.

3 Nominations shall be accepted from the floor for specific Delegate and Alternate slots.

4 For Delegate and Alternate slots wherein there is no challenge from the floor, the Nominating Committee's unchallenged nominees may be accepted or rejected as a slate.

5 For contested slots, individual elections of the Delegates shall be conducted, followed by individual elections of the Alternates.

6 If more than two candidates are nominated for the same position and no candidate receives a majority of the votes cast, there shall be a run-off election between the two candidates receiving the largest number of votes.

7 In each contested election, speeches shall be permitted, but limited in the following manner:

8 In each contested election for a delegate or alternate, speeches shall be permitted, but limited in the following manner:

a. A total of 2 (two) minutes shall be allotted to each nominee.
b. No speeches shall be allowed by anyone other than the nominee unless the nominee

is not present or otherwise chooses not to speak in which case the person nominating
the candidate may speak with the same time limit in subsection (a) of this paragraph.

**ARTICLE V**

**SECTION 1: RULES OF PROCEDURE**

Robert's Rules of Order Newly Revised, latest edition, shall govern meetings of the
County Committee, the Executive Committee and the County Convention, except where
inconsistent with the Rules of The Catoosa County Republican Party, the Fourteenth
Congressional District Republican Party, or the Georgia Republican Party.

As amended on January 31, 2024 by the County Committee of the Catoosa County Republican
Party.

Sherre Bales, Secretary

Joanna Hildreth, Chairman