**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

CATOOSA COUNTY REPUBLICAN
PARTY et al.,

     Plaintiff,

v.

CATOOSA COUNTY BOARD OF
ELECTIONS AND VOTER
REGISTRATION *et al.*,

     Defendants.

CIVIL ACTION FILE NO:

  4:24-cv-0095-WMR

## ORDER

This matter is before the Court *sua sponte* so that it may consider whether

joinder of the State of Georgia is required in this action.

### I.   BACKGROUND

### a. The Candidates

The following facts are derived from Plaintiffs' Complaint. [Doc. 11]. This

dispute surrounds four candidates (hereinafter "the Candidates") that Plaintiff

Catoosa County Republican Party (hereinafter the "Party") sought to remove from

Catoosa County's primary ballot. [*Id*. at 6].

On March 4, 2024, the Candidates attempted to qualify as Republican

candidates for the May primary pursuant to O.C.G.A. § 21-2-153. [*Id*. at 7].

However, the Party refused to qualify the Candidates. [*Id*.]. On March 5, 2024, the Candidates sought injunctive relief against the Party in the Superior Court of Catoosa County. [Doc. 21-2 at 1]. The Candidates successfully obtained a Temporary Restraining Order ("TRO") from Judge Don Thompson, which ordered the Party to qualify the Candidates for the primary. [*Id*.].

But, the Party did not comply with the TRO. [Doc. 13-1]. Instead, the Party filed an Emergency Motion to Lift the TRO. [Doc. 13-1]. The parties had a hearing on March 7, 2024, again in front of Judge Thompson. [*Id*.]. At that hearing, Judge Thompson denied the Party's motion and instead ordered Catoosa County Sherriff's deputies to escort the Candidates to the Party to be qualified. [*Id*.]. However, the Party still did not comply.

Then, on March 8, 2024, Judge Thompson held a compliance hearing and ordered that the Candidates were "entitled to qualify" with Defendant Catoosa County Board of Elections pursuant to O.C.G.A. § 21-2-153(c)(2). [Doc. 13-2]. The Board of Elections complied with the Judge's Order. [Doc. 11 at 7]. Accordingly, the Candidates were qualified the same day. [*Id*. at 8]. The Party then appealed that ruling. [Doc. 21-3].

The Party then filed written challenges to the Candidates' qualifications. [Doc. 11 at 10]. Catoosa County Board of Elections held a hearing on these challenges on April 2. [*Id*.]. At that hearing, the Board voted 4-1 that the Candidates

were in fact qualified to seek and hold the offices they desired. [*Id*. at 11]. That decision was appealed to Catoosa County Superior Court on April 11. [Doc. 21-5].

### b. The Ballot Questions

After the Judge Thompson's March 8 Order, Plaintiff Hildreth, Chairman of the Party, submitted ballot questions for the primary ballot. [Doc. 11 at 8, 46]. The County processed the question. [Doc. 13-5]. But, the Georgia Secretary of State's Office sent Hildreth an email stating that the "Secretary of State cannot publish party questions on the ballot that contain the names of candidates or commentary regarding those candidates, as that constitutes unlawful electioneering." [Doc. 13-5]. The Secretary of State gave Plaintiff Hildreth the option of submitting new ballot questions by March 18, but Hildreth did not do so. The questions read as follows:

> 1. Do you think anti-Trump Democrats should be able to get a court order to force the elections board to qualify them as Republican candidates for office?

> 2. Did you know that Steven Henry, Vanita Hullander, Jeff Long, and Larry Black were not approved to run as Republicans by the Republican Party?

[Doc. 13 at 46].

### c. Procedural Background

The Plaintiffs filed this Complaint [Doc. 1] and a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2] in this Court on April 5, 2024. Plaintiffs then filed an Amended Complaint [Doc. 11] on April 9, 2024. This Court held a hearing on the Plaintiff's Motion on April 17, 2024, and subsequently denied

the Plaintiff's TRO, finding that an injunction would not serve the public interest given that absentee, overseas, and military ballots had already been sent. [Doc. 22]. The Court also found that the Plaintiffs failed to show a substantial likelihood of success on the merits. [*Id.*]. Defendants then moved to dismiss the action. [Doc. 24].

On September 10, 2024, the Court granted Defendants' motion to dismiss. [Doc. 27]. The next day, the Court certified to the State of Georgia that the constitutionality of a Georgia statute had been questioned. [Doc. 28 at 1–2]. Plaintiffs then appealed the Court's order to the Eleventh Circuit. [Doc. 29]. On June 12, 2025, Eleventh Circuit vacated the Court's dismissal of Plaintiff's action and remanded the case for further proceedings. [Doc. 36].

Defendants then filed a second motion to dismiss. [Doc. 42]. On October 6, 2024, the Court held a hearing related to that motion and other pending motions. *See* [Doc. 45]. That matter is still currently pending before this Court. However, after that hearing, the Court grew concerned that the State of Georgia may be an indispensable party whose presence is required in this case.

## II.    LEGAL STANDARD

"Rule 19 states a two-part test for determining whether a party is indispensable," or if courts should proceed in the absence of a non-party.[1] *Challenge*

---

[1] Under Federal Rule of Civil Procedure 19, a court may raise the apparent absence of a Rule 19 indispensable party sua sponte. *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008)

*Homes, Inc. v. Greater Naples Care Ctr., Inc.,* 669 F.2d 667, 669 (11th Cir. 1982).

"First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible." *Id.* In considering this first inquiry, "'pragmatic concerns, especially the effect on the parties and the litigation,' control." *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (quoting *Smith v. State Farm Fire & Cas. Co.*, 633 F.3d 401, 405 (5th Cir. 1980)).

Second, "[i]f the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in 19(b), the litigation may continue." *Challenge Homes, Inc.*, 669 F.2d at 669. If the Court determines the action should not proceed after balancing the Rule 19(b) factors,[2] then the action "should be dismissed." *Focus on the Fam.*, 344 F.3d at 1280 (citation omitted).

## III.   DISCUSSION

The Court's first step in analyzing this case is to decide whether the State of Georgia is a party who should be joined if feasible under Rule 19(a).

---

("A court with proper jurisdiction may also consider *sua sponte* the absence of a required person and dismiss for failure to join.") (citations omitted).

[2] Those factors include: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided" by other measures; "(3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.*

Federal Rule of Civil Procedure 19(a) states in part:

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Considering these factors and "pragmatic concerns," the Court concludes that the State of Georgia is a party who should be joined if feasible.

In determining whether State of Georgia is a necessary party, the first question is whether, in that party's absence, the Court can accord complete relief among the existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). "The 'complete' relief concept of Rule 19(a)(1) 'refers to the relief between the persons already parties, not as between a party and the absent [party] whose joinder is sought.'" *Fair Fight Action, Inc.*, 413 F.Supp.3d 1251, 1282 (N.D. Ga. 2019) (quoting *Heinrich v. Goodyear Tire & Rubber Co.*, 532 F. Supp. 1348, 1359–60 (D. Md. 1982)).

Plaintiffs state that they are only bringing an "as-applied challenge and are not seeking that any statute[ ]be declared unconstitutional in all cases . . . ." [Doc. 11 at 15]. But, as stated in its earlier Order, the Court believes that "given that the superior court's order was compelled under a textualist reading of O.C.G.A. § 21-2-153, the Court concludes that the Plaintiffs are functionally challenging the constitutionality

6

of the statute." [Doc. 28 at 3]. Therefore, the relief Plaintiffs essentially seek is to have the Court declare O.C.G.A. § 21-2-153 unconstitutional, regardless of how they choose to characterize their challenge. However, the Court feels it cannot provide this relief without having State of Georgia's interests properly represented. This is because under Federal Rule of Civil Procedure 5.1(b), courts must, pursuant to 28 U.S.C. § 2403 "certify the appropriate attorney general that a statute has been questioned." The Court previously followed this procedure. [Doc. 28]. This procedure illustrates that the State of Georgia is an important party when a statute's constitutionality is questioned without its presence in the case. The Court cannot resolve the current dispute because it requires the State of Georgia's view to be represented to determine whether the statute is unconstitutional. Therefore, the State of Georgia is a necessary party under the first inquiry under Rule 19(a).

Next, "the second part of Rule 19(a) focuses on possible prejudice either to the absent party, Rule 19(a)(2)(i), or present litigants, Rule 19(a)(2)(ii)." *Challenge Homes, Inc.*, 669 F.2d at 670.

To proceed in this analysis, the Court must find that the State of Georgia has "an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). As stated, the State of Georgia has an interest in this litigation since the State has a legal interest in defending the constitutionality of its statutes and the regulations of its elections. *See also* Fed. R. Civ. P 5(a); 28 U.S.C. § 2403. Therefore, the Court must

now consider whether the State of Georgia's absence in the current suit jeopardizes

the State's own interests or subjects any party to multiple or inconsistent obligations.

"[A]s Rule 19(a) expresses it, the court must consider the extent to which the

judgment may 'as a practical matter impair or impede his ability to protect' his

interest in the subject matter." *Provident Tradesmen Bank & Trust Co. v. Patterson*,

390 U.S. 102, 110 (1967). Currently, there is no other party within the current

litigation that has the same interest as the State of Georgia in defending the statute.

Therefore, by not including it as a party, the Court would be allowing parties to

attack the statute's constitutionality without giving the State of Georgia a chance to

defend the statute. If the Court were to determine that the statute is unconstitutional,

then that decision would undoubtedly impair the State of Georgia's ability to protect

its interest in defending the constitutionality of statutes. Accordingly, the State of

Georgia's absence from this suit effects and prejudices it as an absent party.

Now, given the State of Georgia's interest in the litigation, the Court considers

whether the existing parties might be subject to multiple or inconsistent liability. *See*

Fed. R. Civ. P. 19(a)(1)(B)(ii). This Court's ultimate judgment in this case will not

have a binding effect on any other court in districts around the country, the Eleventh

Circuit, or even within the Northern District of Georgia. Therefore, any other court

that has a case with this issue may come to a different conclusion than this Court.

This means that the parties currently present could be subject to inconsistent

8

obligations. Accordingly, this also supports the fact that the State of Georgia is an indispensable party.

## IV.   CONCLUSION

For the foregoing reasons, the Court now **ORDERS** that the Plaintiffs **JOIN THE STATE OF GEORGIA** as a defendant in this case pursuant to Federal Rule of Civil Procedure Rule 19. The Clerk of Court is hereby **ORDERED** to mail this Order to Christopher Carr, the Attorney General of Georgia, at:

Christopher Carr
The Office of the Attorney General
40 Capital Square Southwest
Atlanta, GA 30334

Plaintiffs are additionally **ORDERED** to effectuate service of process as soon as possible once the State of Georgia is joined as a party.

**IT IS SO ORDERED** this 15th day of December, 2025.

William M. Ray II
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE