UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| CATOOSA COUNTY REPUBLICAN PARTY, and JOANNA HILDRETH | ) ) ) | |
| *Plaintiffs,* | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 4:24-CV-00095-WMR |
| CATOOSA COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION, and TOMMY DAVIS, RON MCKELVY, NINA CRAWFORD, MARVIN CORNELISON, Each in their individual and official Capacities as Members of the Catoosa County Board of Elections and Voter Registration, and TONYA MOORE, as director of the Board Of Elections and Voter Registration, and Brad Raffensperger In his official capacity as Secretary of State of the STATE OF GEORGIA | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

## AMENDED COMPLAINT FOR EMERGENCY INJUNCTIVE, DECLARATORY, AND OTHER RELIEF

NOW COME Plaintiffs, and while incorporating the original Complaint's

verified facts, file this Amended Complaint, pursuant to the Court's December 15,

2025 Order for Joinder of the State Of Georgia as a Defendant, seeking immediate

injunctive, declaratory, and any other appropriate relief.

References to "Defendants" refers to the original Defendants in this action, with "Defendant State of Georgia" being used to apply to the new Defendant, the State of Georgia through Secretary of State, in charge of elections, Brad Raffensperger[1].

Plaintiffs hereby show the Court as follows:

1.

Plaintiff Catoosa County Republican Party is the sole county party organization and unincorporated association in Catoosa County for the Republican Party in Catoosa County, Georgia. It is subject to the jurisdiction and venue of this Court.

2.

Plaintiff Joanna Hildreth is a resident and elector of Catoosa County and is the Chairman and chief officer of the "county executive committee" of the Catoosa County Republican Party as referenced in Georgia law[2].

3.

Defendant Catoosa County Board of Elections and Voter Registration (hereinafter "Catoosa County Board of Elections") is the governmental entity that

---

[1] This is to comply with *Ex parte Young*, 209 U.S. 123 (1908). Brad Raffensperger is the Chief Election Official for Georgia O.C.G.A. § 21-2-50.
[2] Including but not limited to O.C.G.A. §21-2-153 and §21-2-154.

acts as the election superintendent for Catoosa County, Georgia, and is subject to the jurisdiction and venue of this Court. **Defendant may be served through its chief executive officer, Tonya Moore, at Freedom Center, 5288 Evitt Street, Ringgold Georgia 30736.**

4.

Defendant Tommy Davis or was, at the time relevant to this case, a member of the Catoosa County Board of Elections and is being sued in his individual and official capacity as a member of that Board and is subject to the jurisdiction and venue of this Court. Defendant may be served at **213 Shamrock Drive, Ringgold, Georgia 30736.**

5.

Defendant Nina Crawford is or was at the time relevant to this case, a member of the Catoosa County Board of Elections and is being sued in her individual and official capacity as a member of that Board, and is subject to the jurisdiction and venue of this Court. Defendant may be served at **61 Old Loggin Lane, Ringgold GA 30736.**

6.

Defendant Ron McKelvy is or was, at the time relevant to this case, a member of the Catoosa County Board of Elections and is being sued in his

individual and official capacity as a member of that Board and is subject to the jurisdiction and venue of this Court. Defendant may be served at **155 Boynton Terrace, Ringgold GA 30736.**

7.

Defendant Tonya Moore is or was, at the time relevant to this case, effectively the chief executive or operating officer of the Catoosa County Board of Elections and is being sued in her individual and official capacity as the head employee of that governmental agency and is subject to the jurisdiction and venue of this Court. Defendant may be served at work **at Freedom Center, 5288 Evitt Street, Ringgold Georgia 30736.**

8.

Defendant Marvin Cornelison is or was, at the time relevant to this case, a member of the Catoosa County Board of Elections and is being sued in his individual and official capacity as a member of that Board and is subject to the jurisdiction and venue of this Court. Defendant may be served at **470 Sutton Dr, Ringgold GA 30736.**

9.

Each Defendant was always acting under "color of law" as relevant herein, as their actions were all while they were members of the Catoosa County Board of Elections.

## BACKGROUND FACTS AND LEGAL BASIS

10.

Plaintiff Catoosa County Republican Party has a clearly established federal constitutional right, pursuant to the First Amendment to the United States Constitution and specifically including but not limited to freedom of association, to **not associate** with candidates that do not reflect the party's political positions or values.[3]

---

[3] "…Representative democracy in any populous unit of governance is unimaginable without the ability of citizens to band together in promoting among the electorate candidates who espouse their political views. The formation of national political parties was almost concurrent with the formation of the Republic itself. See Cunningham, The Jeffersonian Republican Party, in 1 History of U.S. Political Parties 239, 241 (A. Schlesinger ed. 1973). Consistent with this tradition, the Court has recognized that the First Amendment protects "the freedom to join together in furtherance of common political beliefs," *Tashjian, supra,* at 214–215, 107 S.Ct. 544, which "necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only," *La Follette,* 450 U.S., at 122, 101 S.Ct. 1010. **That is to say, a corollary of the right to associate is the right not to associate. " 'Freedom of association would prove an empty guarantee if associations could not limit control over their decisions to those who share the interests and persuasions that underlie the association's being.' " *575 *Id.,* at 122, n. 22, 101 S.Ct. 1010** (quoting L. Tribe, American Constitutional Law 791 (1978)). See also *Roberts v. United States Jaycees,* 468 U.S. 609, 623, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984).

In **no area is the political association's right to exclude more important than in the process of selecting its nominee**. That process often determines the **party's positions on the most significant public policy issues of the day**, and even when those positions are predetermined **it is the nominee who becomes the party's ambassador to the general electorate in winning it over to the party's views**. See *Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 372, 117 S.Ct. 1364, 137 L.Ed.2d 589 (1997) (STEVENS, J., dissenting) ("But a party's choice of a candidate is the most effective way in which that party can communicate to the voters what the party represents and, thereby, attract voter interest and support"). Some political parties—such as President Theodore Roosevelt's Bull Moose Party, the La Follette Progressives of 1924, the Henry Wallace Progressives of 1948, and the George

11.

Plaintiff Catoosa County Republican Party (hereinafter "the Party") required, at the time of qualifying and currently, pursuant to their internal party procedural rules, that in order to qualify for office as a Republican in Catoosa County, any candidate produce at the time of qualifying an affidavit (hereinafter a "Qualifying Affidavit") from the Party, which can only be issued if the candidate receives a majority vote of the Party's county committee.

12.

Steven M. Henry, Larry C. Black, Jeffrey K. Long, and Vanita Hullander (hereinafter referred to as "Independent Candidates") all sought to be on the Republican Party's primary ballot for various partisan county offices in the 2024 election, and the Party did not issue any of them Qualifying Affidavits.

---

Wallace American Independent Party of 1968—are virtually inseparable from their nominees (and tend not to outlast them). See generally E. Kruschke, Encyclopedia of Third Parties in the United States (1991).

**Unsurprisingly, our cases vigorously affirm the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party "select[s] a standard bearer who best represents the party's ideologies and preferences."** *Eu, supra,* at 224, 109 S.Ct. 1013 (internal quotation marks omitted). The **moment of choosing the party's nominee, we have said, is "the crucial juncture at which the appeal to common principles may be translated into concerted action, and hence to political power in the community**." *Tashjian,* 479 U.S., at 216, 107 S.Ct. 544; see also *id.,* at 235–236, 107 S.Ct. 544 (SCALIA, J., dissenting) ("The **ability of the members of the Republican Party to select their own candidate ... unquestionably implicates an associational freedom**"); *Timmons,* 520 U.S., at 359, 117 S.Ct. 1364 ("[T]he New Party, and not someone **\*576** else, has the right to select the **\*\*2409** New Party's standard bearer" (internal quotation marks omitted)); *id.,* at 371, 117 S.Ct. 1364 (STEVENS, J., dissenting) ("The members of a recognized political party unquestionably have a constitutional right to select their nominees for public office")…"

California Democratic Party v. Jones, 530 U.S. 567, 574–76, 120 S. Ct. 2402, 2408–09, 147 L. Ed. 2d 502 (2000). (**Emphasis** Added)

13.

Three of the four Independent Candidates were incumbent county commissioners and could have qualified for office as independents on the general election ballot without the need to gather petition signatures. The fourth Independent Candidate is a previous chairman of the Board of Commissioners and, theoretically, could have had enough supportive connections in the community to gather the signatures to qualify for office as an independent.

14.

The Party did not issue the Independent Candidates any Qualifying Affidavits to allow them to qualify as Republicans.[4]

15.

The Party issued Qualifying Affidavits to all other candidates who applied to run for county office as Republicans.

16.

The Party and its volunteers did not list the Independent Candidates on the official papers that they filled out and filed with the Defendant Catoosa County

---

[4] Qualifying week, pursuant to state law, was from March 4, 2024 – March 8, 2024. Candidates can only qualify to run for office during certain hours during that week.

Board of Elections, certifying the list of Republican candidates who are qualified
with the Republican Party.

17.

The Party explicitly put on the official papers certifying the list of
Republican candidates who are qualified with the Republican Party that no other
person or person(s) are qualified with the Republican Party and filed them with the
Defendant Catoosa County Board of Elections.

18.

The Party did not and does not believe the Independent Candidates are
Republicans, or that they share the values, principles, and policy goals of the Party
and does not want to be associated with those candidates.

19.

On March 8, 2024, Defendant Tonya Moore, who works for the Catoosa
County Board of Elections, acting under color of law as the Elections Director for
Catoosa County, executed paperwork listing the Independent Candidates as being
qualified as Republicans, despite this conflicting with and being contrary to
express Georgia statutes O.C.G.A. §21-2-153 and §21-2-154.[5]

---

[5] It is believed that the reason Defendant Tonya Moore did this was due to an Order (currently under appeal) entered
in a lawsuit that started with a request for an Ex Parte Temporary Restraining Order and for Injunctive Relief
brought by the Independent Candidates against the Catoosa County Republican Party and its Executive Committee
in the Superior Court of Catoosa County (Case SUCV2024000211). **That action was not a 42 U.S.C. § 1983**

20.

On March 8, 2024, the Party submitted primary ballot questions pursuant to

O.C.G.A. § 21-2-284(d) for the general primary to Defendants, solely for use in

Catoosa County, by certifying and submitting them to Defendant Moore by the

deadline.[6]

21.

Upon information and belief, the Defendants excluded and refused to

publish the questions submitted by the Party from the ballot, due solely to their

content, in violation of Plaintiffs' right to free speech.[7]

---

action, did not name the Catoosa County Board of Elections or any of the Defendants in this present case, yet **Defendant Moore acted based on the Order.** Furthermore, Defendant Moore processed the paperwork for them prior to the Judge's written Order being completed, filed, or entered, and with no opportunity to challenge it.

While Plaintiffs believe this was all a violation of due process and attempted conspiracy to deprive them of their rights, Plaintiffs are currently bringing the present action **solely** against the **named Defendants**, based on the deprivation of the Party's rights under the First Amendment, and not due to any of the contested actions in any other case, or of any other person or entity, including but not limited to the Independent Candidates or the Order in the Catoosa County case.

[6] "(d) If at any general primary a political party **shall** submit to its members **any matter or question to be voted upon**, the party shall by the deadline for certifying candidates for the primary election certify the wording of said question to the superintendent, if to be voted on by one county only…and the **superintendent** or Secretary of State **shall have such language printed on the ballot form**. To the left of each question there shall be placed the words "Yes" and "No" together with appropriate squares to the left of each for the convenient insertion of a cross (X) or check (✓) mark…" O.C.G.A. § 21-2-284(d) (**emphasis** added)

[7] *See* Times Free Press Article at https://www.timesfreepress.com/news/2024/mar/20/catoosa-county-gop-ballot-questions-rejected/, archived at (https://web.archive.org/web/20240321062840/https://www.timesfreepress.com/news/2024/mar/20/catoosa-county-gop-ballot-questions-rejected/)

22.

Pursuant to O.C.G.A. § 21-2-6, numerous electors filed challenges to the qualifications of the Independent Candidates as Republicans due to the Defendant Catoosa County Board of Elections' qualification of the Independent Candidates for numerous reasons, including but not limited to their failure to be qualified by the Party.

23.

Plaintiff Catoosa County Republican Party was and is unable to file any challenge with the Board of Elections to the qualifications of the Independent Candidates pursuant to state law, as Plaintiff Catoosa County Republican Party is not an "elector" under Georgia law.

24.

Plaintiff Catoosa County Republican Party has no venue to challenge the unconstitutional actions by county agencies pursuant to state law of listing non-Republicans on the Republican Party ballot except through a federal claim.

25.

The elector challenges to the qualifications of the Independent Candidates were heard on April 2, 2024, by the election "superintendent"; i.e., the five-member Defendant Catoosa County Board of Elections.

26.

O.C.G.A. § 21-2-6 notably states actions "In violation of the Constitution or laws of **this state**" (**emphasis** added) as a reason to overturn the Catoosa County Board of Elections' decision by elector challenges on appeal, but does not state the Federal Constitution.

27.

Plaintiff Catoosa County Republican Party was not and could not be a party to any qualification challenge under O.C.G.A. § 21-2-6, as only "electors" may partake in that process, and the Party is clearly not an "elector".

28.

The Defendants, acting under color of law, voted 4-1 on Tuesday, April 2nd, 2024, to not remove the Independent Candidates from the Republican ballot and for them to be qualified as Republicans, essentially usurping the role of the Catoosa County Republican Party and compelling speech from the Party.

29.

Each Defendant member of the Catoosa County Board of Elections individually voted to violate the Plaintiffs' federal constitutional rights by forcing the Party to associate with the Independent Candidates.

30.

The Defendants' actions forced the Republican Party to have the

Independent Candidates falsely associated with them on the general primary

election ballot, where voting occurred between April 29, 2024, and May 21, 2024.

31.

Primaries are scheduled again for this year, similar issues are likely to arise,

and immediate action is necessary to prevent potential voter confusion and

irreparable harm to Plaintiffs.

32.

By forcing the Party to associate with the Independent Candidates, it

deprives the Plaintiffs of their Constitutional Rights under the First Amendment to

the United States Constitution and compels speech in violation of the First

Amendment.

## **42 U.S.C. § 1983 – First Amendment Claim of Freedom of Association and Compelled Speech Regarding Candidate Association – Injunctive, Declaratory, and Other Relief Requested**

33.

Plaintiffs hereby incorporate all background facts, above.

34.

As stated in California Democratic Party v. Jones, "…a corollary of the right to associate is the right not to associate" when referring to political parties.[8]

35.

The Plaintiffs absolutely do not want to be associated with those who are not representative of the Republican Party, specifically including but not limited to the Independent Candidates.

36.

The Eleventh Circuit has previously held that candidates have no right to associate with an "unwilling partner", which clearly would apply to Independent Candidates in this case.[9]

---

[8] California Democratic Party v. Jones, 530 U.S. 567, 574, 120 S. Ct. 2402, 2408, 147 L. Ed. 2d 502 (2000)

[9] "**The Republican Party has a First Amendment right to freedom of association and an attendant right to identify those who constitute the party based on political beliefs.** *Duke,* 954 F.2d at 1533; *Wisconsin,* 450 U.S. at 122, 101 S.Ct. at 1019 (finding that a party's freedom of association presupposes the freedom to identify the people who constitute the association and limit the association to those people only). Therefore, the Committee acting in a representative capacity for the Republican Party did not have to accept Duke as a republican presidential candidate. **Duke does not have the right to associate with an "unwilling partner."** *Duke,* 954 F.2d at 1530; *see also Belluso v. Poythress,* 485 F.Supp. 904, 912 (N.D.Ga.1980). Likewise, **Duke supporters do not have a First Amendment right to associate with him as a Republican Party presidential candidate**. *Duke,* 954 F.2d at 1531. Duke's supporters were **not foreclosed from supporting him as an independent candidate, or as a third-party candidate** in the general election. Moreover, Duke's supporters could have supported him as a third-party candidate in the primary or as a write-in candidate in the primary or general election." Duke v. Massey, 87 F.3d 1226, 1234 (11th Cir. 1996). (**Emphasis** added)

37.

The actions of Defendants force the Plaintiffs to be associated with Defendants, by placing them on the Republican Primary ballot, in direct violation of 11th Circuit and U.S. Supreme Court caselaw.

38.

The actions of Defendants also serve as forcing or compelling speech of the Plaintiffs, as the Independent Candidates appearing on a Republican primary ballot, without the consent of Plaintiffs, fraudulently tells the public that the candidates are qualified by the Catoosa County Republican Party.

39.

Plaintiffs carried out no activity to legally associate with the Independent Candidates and did everything practically possible to avoid being forced to legally associate with them.

40.

Georgia law states that "… all candidates for party nomination in a state or county primary shall qualify as such candidates **in accordance with the procedural rules of their party**; provided, however, that no person shall be prohibited from qualifying for such office if he or she:

(1) **Meets the requirements of such procedural rules**…".[10] (**Emphasis** added)

41.

Plaintiffs have attached a true and correct copy of the Catoosa County Republican Party's rules in effect at the time of qualifying as **Exhibit A**.

42.

The Catoosa County Republican Party's rules were on file with the Defendants prior to March 4, 2024.

43.

By applying the law as they are to keep the Independent Candidates on the Republican primary ballot, the Defendants are disregarding the Party's rules or interpretation of the rules and application of them, are thereby using government action to control the associations of the Party.

44.

The actions of Defendants by applying the law to force association with Independent Candidates upon the Plaintiffs are unconstitutional, and unconstitutional as applied to Plaintiffs.

---

[10] O.C.G.A. § 21-2-153.

45.

The Plaintiffs explicitly are bringing this claim as an "as-applied" challenge and are not seeking that any statute to be declared unconstitutional in all cases: Plaintiffs are claiming that the Defendants, through their actions including, but not limited to, requiring the Party to associate with Independent Candidates, are directly violating the clearly established constitutional rights of Plaintiffs.

46.

In any event, Defendants' actions are incapable of surviving a strict scrutiny analysis, given that any potential justification for forcing Independent Candidates on the Republican ballot would have been remedied by their choice to have been able to run as independents.

47.

Plaintiffs request emergency immediate and permanent injunctive relief, including but not limited to an Order prohibiting Defendants from listing Independent Candidates and any other county candidate not approved by the Party from being listed on the Republican primary ballot.

48.

Plaintiffs request emergency immediate declaratory relief, declaring that the Defendants are unable to force Plaintiffs to associate with candidates that the Party

has determined have not complied with the Party's rules, and that the Party, not the

Catoosa County Board of Elections or any executive or legislative entity, may

interfere with or control if candidates have complied with the Party's rules.

49.

Plaintiffs request attorney's fees pursuant to 42 U.S.C. § 1988 and other

applicable law, for having to bring this suit to enforce their rights.

## 42 U.S.C. § 1983 – First Amendment Claim of Freedom of Speech Regarding Ballot Questions – Injunctive, Declaratory, and Other Relief Requested

50.

Plaintiffs incorporate all background facts above.

51.

Defendants are compelled by state law to create a specific public forum for

speech on the primary ballot by O.C.G.A. § 21-2-284(d) that allows the Party to

submit ballot questions that are required to appear on the primary ballot.

52.

The state law in question mandates that if "**any** matter or question" is

submitted to be voted upon by one county only, that the Defendants in such case

**shall** have the language printed on the ballot form after submission by the Party.

53.

The Party certified and requested that the Ballot Questions, attached as Exhibit B, be placed on the Catoosa County Republican primary ballot by submitting the questions to the Defendant Board of Elections, on March 8, 2024[11].

54.

The Secretary of State's office contacted the Party with concerns about the content of the Ballot Questions, and the Party ultimately notified the Secretary of State's office that they had not changed their request for the Ballot Questions to be placed on the Catoosa County Republican primary ballot as submitted.

55.

Georgia law states that the "superintendent", which is the Defendants in this case (not the Secretary of State), shall have the language printed on the ballot form.

56.

The Defendants voted on April 2nd, 2024, to not have the Ballot Questions on the Republican Primary ballots in Catoosa County, as required by law.

---

[11] The handwritten ones were submitted on March 8, 2024. A typo was corrected and the typed version was submitted and accepted on March 11, 2024.

57.

Defendants did not have the Ballot Questions on the Republican Primary ballot, due solely to the content of the Ballot Questions.

58.

Defendants failing to include Ballot Questions due to the content, including but not limited to the names of potential candidates, is a violation of Plaintiffs' right to freedom of speech.

59.

Defendants failing to include Ballot Questions due to the content asking about candidates or current events relevant to the Republican Party is a violation of Plaintiffs' right to freedom of speech.

60.

Defendants failing to include Ballot Questions due to the content of the speech is designed to chill future speech and discourage the Party from including questions in the future designed to receive input from the public or to give information to the public or that is critical of the county government.

61.

Defendants' actions in excluding the properly submitted Ballot Questions are actions done under color of law, as the Defendants are government officials

trying to control the content of the Party's speech, speech that the Party is explicitly entitled to under Georgia law.

62.

Plaintiffs request that Defendants be ordered to place the Ballot Questions submitted by the Plaintiffs on to the Republican Primary ballot in Catoosa County.

63.

Plaintiffs request attorney fees pursuant to 42 U.S.C. § 1988 and any other relevant statutes.

## EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

64.

By compelling the placement of the Independent Candidates on the ballot as Republicans, the Defendants have caused, are causing, and will cause the Plaintiffs immediate and irreparable harm by forcing them into an association with non-Republican candidates that does not exist.

65.

By compelling the placement of the Independent Candidates on the ballot as Republicans, the Defendants have caused, are causing, and will cause the Plaintiffs immediate and irreparable harm by controlling the activities and resources of the Party in the middle of an election cycle by essentially forcing them to need to

support candidates that are not in accord with its principles if they want to see party nominees elected to office.

66.

By Defendants forcing the Republican Party to appear to be associated with Independent Candidates on the primary ballot, it is impossible, or at the very least, extremely expensive, to later undo that perspective and perception by the public voters, who are also harmed by false and misleading information.

67.

By Defendants refusing to place the Party's Ballot Questions on the Republican Primary Ballot in Catoosa County, the Party will be immediately and irreparably harmed by losing the ability to ask about the issues therein on this ballot, eliminating the impact of the speech and losing the opportunity to communicate with voters.

68.

Based on the foundational rights as interpreted by the U.S. Supreme Court in California Democratic Party v. Jones and even prior to that by the Eleventh Circuit in Duke v. Massey, it is highly likely the Plaintiffs will succeed on the merits of their claim.

69.

It is both unconscionable and unimaginable, based on current precedent, that any local, state, or federal government entity in the United States could force a political party to not ask questions based on their content, and then influence or control who appears as a party's candidate for office. Control of political parties by the government, or government run political parties, is not acceptable under United States law.

70.

As voting is scheduled to begin on or before April 29, 2024, and qualifying for this year will occur between March 2, 2026 and March 6, 2026, and voting again will be occurring on May 19, 2026, immediate action is necessary to protect and preserve Plaintiffs' rights of association and speech.

71.

The Defendants would not be harmed by this remedy, and the public would be served, as the Defendants are a governmental entity and theoretically have the same interests as the public in ensuring that only Republicans are on the Republican primary ballot.

72.

The Defendants would not be harmed by this remedy, and the public would be served, as the Defendants are a governmental entity and theoretically have the same interests as the public in ensuring that the law is followed and Republicans are able to receive ballot questions from the political party which ballot they are requesting.

73.

While Plaintiffs do not support or consent to it, to the extent that the "Independent Candidates"[12], would be harmed, an Order could be crafted that allows them to have been deemed to have filed a "notice of candidacy" pursuant to O.C.G.A. § 21-2-132(d)(3).

74.

Plaintiffs respectfully request that the Court issue an order remedying and preventing the rights violations, including but not limited to the following:

---

[12] The Independent Candidates are explicitly not parties to this suit due to the fact they do not currently appear to have a cognizable interest in it or are proper Defendants. Even though three of them were county commissioners, and the contract attorneys that advise the Defendant Catoosa County Board of Elections also advise the county commission and are chosen by, work for, and funded by the county commission, the Independent Candidates did not have any governmental authority to violate Plaintiffs' First Amendment rights and Plaintiffs are not yet aware of any evidence they conspired together to do so. The rights violations were done by the named Defendants.

(a) That the Defendants remove any Independent Candidates, and any county level candidate not qualified by the Catoosa County Republican Party, from the Republican Party Primary ballot;

(b) That the Defendants count and credit no votes that appear for any county level candidates appearing on the Republican Primary ballot that were not qualified by the Party, including but not limited to the Independent Candidates;

(c) That the Defendants place any Ballot Questions submitted to the Defendants by the Catoosa County Republican Party on the Republican Party Primary ballot; and,

(d) That the Defendants not qualify any county candidate for the Republican Party Primary without the explicit permission of the Catoosa County Republican Party or the Catoosa County Republican Party's certification that a candidate has qualified according to the party's procedural rules.

75.

Plaintiffs additionally request that declaratory judgment issue, holding that:

(a) The Plaintiffs have a right to determine what county level candidates appear on a Catoosa County Republican Primary Ballot;

(b) That Defendants are not authorized to qualify county level candidates for the Catoosa County Republican Primary Ballot without the non-compelled authorization of the Catoosa County Republican Party; and,

(c) That Defendants are not authorized to exclude any questions submitted by the Catoosa County Republican Party from the Catoosa County Republican Primary Ballot.

## ATTORNEY'S FEES AND PUNITIVE DAMAGES

### 76.

Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff is entitled to attorney's fees upon vindications of his civil rights.

### 77.

Plaintiff is entitled to punitive damages, as Defendants were explicitly warned about the violation of the party's rights in one, if not more of documented election challenges heard April 2, 2024, including but not limited to Plaintiff Hildreth's personal challenge, and they willfully and wantonly ignored it and intentionally violated Plaintiffs' constitutional rights.

**WHEREFORE**, Plaintiff prays:

(a) That summons issue requiring Defendants to be and appear in this Court within the time provided by law to answer this Complaint;

(b) That Plaintiffs receive a Jury Trial on any factual issues;

(c) That Plaintiff be awarded Attorney's Fees as provided by law, including, but not limited to pursuant to 42 U.S.C. § 1988;

(d) That Plaintiff be awarded **emergency and immediate** declaratory and injunctive relief, declaring that Defendants violated Plaintiff's constitutional rights, and enjoining them from doing so in the future, as described above; and

(e) That Plaintiff have such other additional relief as the Court may consider equitable and/or appropriate given the circumstances of this case, including but not limited to an **immediate hearing on these issues, given the time sensitive nature of elections.**

## <u>ADDITIONAL CLAIMS AGAINST THE STATE OF GEORGIA</u>

78.

On or about December 15, 2025, this Court entered an Order requiring the Joinder of the State of Georgia as a defendant in this action.

79.

While Plaintiffs maintain that government entities in Georgia could choose to comply with Georgia law in respecting the Plaintiffs' procedural rules, thereby

avoiding any Constitutional violations, it has appeared to the Court that the constitutionality of the entire statute is in question.

80.

Plaintiffs therefore maintain, in the alternative and in addition to the other Defendants' violations of Plaintiffs' rights, that Defendant State of Georgia has violated Plaintiffs' constitutional rights by having a law that requires the Plaintiffs to be associated with candidates for office that it does not wish to associate with or share its values.

81.

Plaintiffs hereby incorporate paragraphs 33-49, and paragraphs 64-78 to apply against Defendant State of Georgia, as Defendant State of Georgia's statutory scheme, specifically including but not limited to O.C.G.A. § 21-2-153, violates Plaintiffs' first amendment rights, including but not limited to freedom of association and freedom of speech.

82.

Plaintiffs incorporate paragraphs 1-32 as factual background as to all claims against Defendant State of Georgia.

83.

Defendant State of Georgia is subject to the venue and jurisdiction of this
Court.

84.

Plaintiffs request that this court declare any provisions of Georgia law,
including but not limited to O.C.G.A. § 21-2-153, to the extent that it forces
Plaintiffs, and any political party, political organization, political body, or
subdivision of any of them to associate with candidates not of said political group's
explicit choosing, unconstitutional. This requested declaratory judgment includes
but is not limited to declaring that government entities cannot list anyone or force a
political group to agree to list anyone on an election ballot as associated with
Plaintiffs or any political group without that political group's voluntary and
uncoerced agreement.

85.

Plaintiffs request that this court enter an injunction prohibiting the
enforcement of any law, court order, administrative action, or any other action by
any arm or subdivision of Defendant State of Georgia that forces the Plaintiffs, and
any political party, political organization, political body, or subdivision of any of
them to associate with candidates not of said political group's explicit choosing.

This requested injunction includes but is not limited to prohibiting forced

association of candidates appearing on any election ballot associated with Plaintiffs

or such political group without that political group's voluntary and uncoerced

agreement.

Respectfully submitted this 20th day of January, 2026.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643
Catherine Bernard
Georgia Bar No. 505124
Attorneys for Plaintiffs

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| CATOOSA COUNTY REPUBLICAN PARTY, and JOANNA HILDRETH | ) ) ) | |
| *Plaintiffs,* | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 4:24-CV-00095-WMR |
| CATOOSA COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION, and TOMMY DAVIS, RON MCKELVY, NINA CRAWFORD, MARVIN CORNELISON, Each in their individual and official Capacities as Members of the Catoosa County Board of Elections and Voter Registration, and TONYA MOORE, as director of the Board Of Elections and Voter Registration, and Brad Raffensperger In his official capacity as Secretary of State of the STATE OF GEORGIA | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that the foregoing Plaintiffs'

AMENDED COMPLAINT FOR EMERGENCY INJUNCTIVE,

DECLARATORY, AND OTHER RELIEF has been submitted to the Clerk of

Court using the CM/ECF e-filing system and served upon Defendants' counsel of

record.

This 20th day of January, 2026.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643
Catherine Bernard
Georgia Bar No. 505124
Attorneys for Plaintiffs

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law
Catherine@Justice.Law