**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| CATOOSA COUNTY REPUBLICAN PARTY and JOANNA HILDRETH,<br><br>*Plaintiffs,*<br><br>v.<br><br>CATOOSA COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION, *et al.*,<br><br>*Defendants.* | Civil Action File No.:<br>4:24-cv-00095 |

**NOTICE OF SUPPLEMENTAL AUTHORITY BY STATE DEFENDANTS**

In further support of their Motion to Dismiss, [Doc. 75], State Defendants respectfully submit the following decision of the Georgia Supreme Court in *Catoosa Cnty. Republican Party v. Henry*, No. S26A0636, 2026 WL 3209363 (Ga. Oct. 27, 2026) (attached as Exhibit A). On October 27, 2026, the Georgia Supreme Court unanimously affirmed the grant of a permanent injunction prohibiting the Catoosa County Republican Party ("CCRP") from requiring any special affidavit or substantive qualification for candidates to qualify as Republicans in Catoosa County.[1] The opinion confirms that O.C.G.A. § 21-2-153(b) does not severely

[1] Both Plaintiffs here were appellants in *Henry*. *See Henry*, 2026 WL 3209363, at *8.

burden Plaintiffs' associational rights, if at all. Accordingly, while State Defendants should be dismissed for jurisdictional reasons set forth in the Motion to Dismiss, Plaintiff's First Amendment associational claim should also be dismissed for failure to state a claim.

In a unanimous opinion, Justice Bethel explained O.C.G.A. § 21-2-153(b) did not "imbue[] the CCRP with authority to craft its own rules for candidate qualification and prohibit candidates from qualifying based on their failure to comply with CCRP-specific rules" because the CCRP was not a "party" as defined in the Georgia election code. *Henry*, 2026 WL 3209363, at *4. The Georgia Supreme Court reaffirmed that while a county-level party organization "has a role in qualifying candidates seeking nomination in the name of the state party," Georgia law did not "empower any such organization to create county-level, county-specific rules unmoored from the governing statutory law and the rules of the state party for qualifying candidates." *Id.*, at *5. Rather, "[w]hen acting on behalf of a state party to qualify its candidates, county-level party organizations are best thought of as agents assisting the state party in exercising the state party's ballot access." *Id.*, at *6. Accordingly, because the qualifying affidavit rule was not permitted under Georgia law, and qualifying candidates on behalf of the state party "does not otherwise designate any candidate as a member or associate of the CCRP," the

permanent injunction had no bearing on the appellants' First Amendment associational rights. *Id.*

Further, while the Georgia Supreme Court recognized that the CCRP has an associational right under the First Amendment, it also explained that "when the CCRP attempts to preclude an otherwise-qualified candidate from appearing on the ballot as a Georgia Republican, it is attempting to control the association of candidates with the Georgia Republican Party." *Id.*, at *5 n.6. Thus, "it does not follow that the CCRP can control membership in its state-level parent political organization, the Georgia Republican Party, or assert the right to freedom of association of that state-level entity." *Id.*

This opinion confirms that O.C.G.A. § 21-2-153(b) does not severely burden Plaintiffs' First Amendment rights. As the Georgia Supreme Court held, it is the state party that has the authority to establish the party rules that candidates must follow to qualify. *Id.*, at *5. Moreover, the act of qualifying candidates to appear on the ballot associates candidates with the state party, not the county-level party organization; the county-level party organization operates merely as agents assisting the state party in qualifying its candidates. *Id.*, at *6. Accordingly, any First Amendment associational right Plaintiffs have in qualifying candidates to appear on a state party ballot must be subordinate to the state party's. *See id.*, at *5 n.6. [*See* Doc. 75, at 22–24; Doc. 79, at 13–14.] Therefore, to the extent that Plaintiffs' First Amendment

associational rights are burdened at all by O.C.G.A. § 21-2-153(b), it cannot be a severe burden.

Because Plaintiffs' rights are not severely burdened, under *Anderson-Burdick*, the State's important regulatory interests justify the burden. [*See* Doc. 75, at 24–25; Doc. 79, at 14–15.] The Georgia Supreme Court expressly rejected the appellants' argument that political parties have an almost unfettered right to control its own affairs, voters, rules, and associations in the conduct of public elections; instead, it reaffirmed that "the state has a legitimate governmental interest in ensuring the fairness of the party's nominating process, enabling it to prescribe what the process must be." *Henry*, 2026 WL 3209363, at *6 (punctuation omitted) (citing *N.Y. State Bd. of Elecs. v. Lopez-Torres*, 552 U.S. 196 (2008); *Burdick v. Takushi*, 504 U.S. 428 (1992); *Eu v. San Francisco County Democratic Cent. Comm.*, 489 U.S. 214 (1989); *Am Party of Texas v. White*, 415 U.S. 767 (1974); *Storer v. Brown*, 415 U.S. 724 (1974)).

Accordingly, while this Court should grant State Defendants' Motion to Dismiss on any of the jurisdictional reasons set forth in the motion, this Court should also dismiss Plaintiffs' First Amendment associational right claim for failure to state a claim upon which relief may be granted.

Respectfully submitted this 16th day of November, 2026.

CHRISTOPHER M. CARR 112505
Attorney General

BRYAN K. WEBB 743580
Deputy Attorney General

*/s/ Elizabeth T. Young*
ELIZABETH T. YOUNG 707725
Senior Assistant Attorney General

*/s/ Danna Yu*
DANNA YU 846403
Assistant Attorney General

*Counsel for Defendant Brad Raffensperger in his official capacity as Secretary of State for the State of Georgia and Brian Kemp in his official capacity as Governor of the State of Georgia*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).

*/s/ Danna Yu*
DANNA YU 846403
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **NOTICE OF SUPPLEMENTAL AUTHORITY BY STATE DEFENDANTS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 16th day of November, 2026.

*/s/ Danna Yu*
DANNA YU 846403
Assistant Attorney General